ADOLPH HOLLANDER and Others, Respondents, *v.* LIGNUM CHEMICAL WORKS, Appellant.

First Department, May 4, 1923.

Sales — action by purchaser to recover for failure to deliver — contract was for sale of sawdust in bags to be delivered in one year in limited amounts averaging 166 bags per day — defendant wrongfully rescinded contract sixteen days before expiration of year — statement by defendant prior to making contract that if any deliveries were not made, owing to labor troubles in plaintiffs' plant, it could dispose of sawdust elsewhere, did not waive time of delivery — recovery limited to amount that could have been delivered under daily average after rescission.

In an action to recover damages for the failure to deliver a part of an order for 50,000 bags of sawdust which were to be delivered upon orders from the plaintiffs within one year at an approximate daily average of 166 bags per day,

a statement by the defendant made prior to the execution of the contract that if the plaintiffs should be unable to order the full amount according to the daily average because of labor difficulties in plaintiffs' plant, the defendant could dispose of its sawdust elsewhere, was merely an agreement that the defendant would not claim damages by reason of the failure of the plaintiffs to take all of the sawdust, but it did not operate as a waiver by the defendant of the provision of the contract that deliveries should be made within one year and according to the daily average, and did not authorize the plaintiffs to demand more than the proportionate daily average at any time during the year.

The defendant having wrongfully rescinded the contract sixteen days before its expiration was liable merely for the failure to make deliveries for the sixteen days remaining, according to the proportionate daily average of 166 bags a day, and was not liable for failure to deliver any sawdust in excess of that amount.

CLARKE, P. J., dissents.

APPEAL by the defendant, Lignum Chemical Works, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 8th day of June, 1922, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Decker & Allen [Charles A. Decker* of counsel], for the appellant.

*Cohen, Gutman & Richter [Julius Henry Cohen* of counsel; *Theodore B. Richter* and *Kenneth Dayton* with him on the brief], for the respondents.

SMITH, J.:

The purchaser is suing here to recover from the seller for failure to deliver goods under a contract. The contract provided for the sale to the plaintiffs, for consumption in the business of treating skins, of 25,000 bags of fine red sawdust at ninety cents per bag and 25,000 bags of fine white sawdust at ninety-five cents per bag. It was further provided that the deliveries of said sawdust should be required *on not less than twenty-four hours' notice of place of delivery and in not to exceed approximately daily average and proportional quantities of the gross,* and should be so made as directed by the plaintiffs, either at the foot of Emmett street or at the factory of the plaintiffs. The contract also provided for the return of the empty bags, and for failure to return those empty bags a certain sum should be allowed.

The provision for the consumption in the plaintiffs' business of treating skins states that the business of the plaintiffs is conducted at their factory in Newark, aforesaid, and also at 64 Greene street in Montreal, Canada, and also at Middletown in the State of New York and at Paterson in the State of New Jersey. The

contract was dated the 26th day of December, 1917, and a provision of the contract calls for the performance of the contract within one year from the date thereof.

There was also a provision in the contract as to the return by the defendant to the plaintiffs of the bags in which the sawdust was sent, and a counterclaim is asserted therefor, and the plaintiffs' damages are reduced by the amount of that counterclaim. The plaintiffs did not appeal from this determination or in fact from the judgment rendered. The case was tried before the court without a jury and resulted in a decision in favor of the plaintiffs for $29,101.50, from which was to be deducted the sum of $451.26 found due upon the counterclaim, leaving a judgment for $28,650.24, with costs and disbursements. At the time of the making of this contract there was a strike in one of the plaintiffs' factories, to wit, the factory at Newark, at which a large percentage of the sawdust was needed. That continued for several months. The court has found that up to May 9, 1918, the total number of bags of sawdust ordered and delivered under the contract was 2,925; that up to December 10, 1918, the defendant had filled all the orders that had been given by the plaintiffs. Upon December 7, 1918, the defendant wrote to the plaintiffs the following letter:

" Messrs. A. HOLLANDER & SON,
          " 135 E. Kinney Street,
                    " Newark, N. J.:

" GENTLEMEN.— Our truck will deliver to your Emmett Street factory on Monday, December 9th, as per your telephone order of Friday, December 6th, one (1) load of Fine White Sawdust.

" Owing to your various breaches of contract dated December 26th, 1917, we have elected to rescind same, and hereby inform you that we will not deliver any more sawdust after Wednesday, December 11th, on this contract.

" We fixed the date to give you an opportunity if you desire to make other arrangements for your supply.

          " Yours very truly,
                    " THE LIGNUM CHEMICAL WORKS."

On December 10, 1918, the plaintiffs sent the following reply:

" LIGNUM CHEMICAL WORKS,
          " Morgan Avenue, Brooklyn, N. Y.:

" DEAR SIRS.— We beg to acknowledge receipt of your communication dated December 7th, 1918, and beg emphatically to deny that we have committed any breach of our contract dated December 26th, 1917.

" We must insist, therefore, that you deliver the balance of red

First Department, May, 1923. [Vol. 205

and white sawdust due us within the year, that is to say, on or before the 26th day of December, 1918. You may make the deliveries to our station at Emmett Street.

"We trust that you will reverse your decision to rescind the above contract and so avoid unpleasantness between us.

"Very truly yours,
"A. HOLLANDER & SON.    M. H."

The court has found that the total amount of sawdust delivered was 23,171 bags, and there remained undelivered on December tenth, the date of the cancellation by the defendant, 8,208 bags of white sawdust and 18,621 bags of red sawdust. This letter of cancellation was given upon December seventh, between which time and the end of the twenty-sixth of December, when the contract would terminate, there would be sixteen days, wherein under the contract the plaintiffs could demand the delivery of an average of 166 bags. Plaintiffs did in fact demand the delivery of all the bags that had not been delivered under the contract, but this the plaintiffs were not entitled to demand, because under the contract they could not demand any more than an approximate daily average and proportional quantity of the gross amount of the contract. This apparently was put into the contract to take care of the daily accumulation of sawdust in the defendant's works.

The defendant claims to have had a conversation prior to the making of the contract that, on account of the strike which existed at the time of the making of the contract in the plaintiffs' Newark factory, the plaintiffs might not require for the time being the delivery of the full amount of the daily average. Upon the testimony of the plaintiffs themselves, however, when plaintiffs made this suggestion the defendant's reply was that it did not matter *because the defendant could dispose of its sawdust elsewhere.*

In commercial contracts time is presumptively of the essence of the contract. This presumption is sought here to be overcome by reason of this conversation occurring between the plaintiffs and defendant before the making of this contract. The conversation was admitted without objection, but upon the conversation itself, the defendant can make no claim of any waiver of the time of delivery of any part of the sawdust. It was not an agreement that the defendant was willing to deliver it at a later time, but at the most, it was an agreement of the defendant not to claim damages by reason of the failure to make the demands according to the daily average, because the defendant could dispose of its sawdust elsewhere. The modified agreement permits the plaintiffs to have a daily average of 166 bags of sawdust if they should

need the same, and designated the place at which the deliveries were to be made. If by reason of a strike all of this sawdust could not be used, plaintiffs need not take the sawdust. There are no words either in the agreement or in the verbal conversation of the parties which rebut the presumption of time as of the essence of the contract. The sawdust if not demanded, presumptively would be disposed of elsewhere. There is nothing in the contract to authorize the plaintiffs to demand more than the proportionate daily average at any time during the year in which the contract had to run.

The contract was rescinded by the defendant, as before stated, upon the seventh day of December. It had sixteen days to run. The defendant was liable, therefore, for the failure to make deliveries upon these sixteen days, according to the proportionate average daily delivery of 166 bags a day.

The judgment should be modified, therefore, in accordance with this opinion, and as modified should be affirmed, with costs to the appellant.

PAGE, MERRELL and FINCH, JJ., concur; CLARKE, P. J., dissents.

Judgment modified as stated in opinion, and as modified affirmed, with costs to the appellant. Settle order on notice.