Reba Kaplan, Respondent, *v.* Harry L. Scheiner et al.,
Appellants.

First Department, March 29, 1956.

*Alexander Pfeiffer* of counsel (*Pfeiffer & Crames,* attorneys),
for appellants.

*Louis Gruss* of counsel (*Finke, Jacobs & Hirsch,* attorneys),
for respondent.

*Per Curiam.* Defendants appeal from an order of Special
Term denying their motion for summary judgment dismissing
the complaint. Plaintiff brought the action to recover the sum
of $7,500 which her assignor had paid on account of the purchase
price payable for shares of stock in two corporations, one of
which owned the fee, the other of which operated a resort hotel
in New Hampshire.

The contract of sale entered into on November 6, 1952, set
the date for closing as January 15, 1953, and specified that
" time is of the essence of this agreement ". It further provided
that: " If on the date set for the closing, the Sellers are ready,
willing and able to carry out and perform this agreement, and
the Purchaser refuses or is unwilling to perform his obligations,
then, in such event, the amount paid on account of the purchase
price shall be retained by the Sellers as liquidated damages,

and this agreement shall thereupon become void, and neither party shall have any further rights against the other.''

On the day set for closing the sellers were ready, willing and able to perform, and offered to perform, but the purchaser, not having the necessary funds, requested an adjournment. The law is well established that where the parties have by their agreement expressly made time of the essence, failure to perform on a specified date constitutes a default. This is true whether the agreement relates to the sale of real estate or otherwise (*Kotcher* v. *Edelblute,* 250 N. Y. 178; *Hollander* v. *Lignum Chem. Works,* 205 App. Div. 251, affd. 237 N. Y. 511; *Mercantile Nat. Bank* v. *Heinze,* 75 Misc. 551; 3 Williston on Contracts [Rev. ed.], §§ 845, 846, 854). When the purchaser has been unready or unwilling to perform, he is in default and may not be permitted to recover any part payment given on account of the purchase price (*Waldman* v. *Greenberg,* 265 App. Div. 827, affd. 289 N. Y. 769; *Lawrence* v. *Miller,* 86 N. Y. 131; *Havens* v. *Patterson,* 43 N. Y. 218; *Mistroff* v. *Scar-White Homes,* 281 App. Div. 844).

The consequences of default were spelled out specifically in the agreement. Providing for liquidated damages in the event of the purchaser's unwillingness or refusal to perform does not in any way weaken the seller's right to retain the part payment, which he would have without the agreement (*Beveridge* v. *West Side Constr. Co.,* 130 App. Div. 139, 145); and the failure of the purchaser to comply with the express terms of the contract was, as a matter of law, a refusal and unwillingness to perform according to the terms agreed upon.

The order should be reversed, and the defendants' motion for summary judgment dismissing the complaint should be granted.

PECK, P. J., BREITEL, BOTEIN and BERGAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, the motion granted, and judgment is directed to be entered in favor of the defendants dismissing the complaint, with costs.