■ JOSEPH GRETO, Respondent, v BARKER 33 ASSOCIATES et al., Appellants.—Order and judgment (one paper), Supreme Court, Westchester County (Matthew Coppola, J.), entered on or about June 22, 1989, which, after a bench trial, awarded judgment in favor of plaintiff and directed that defendants specifically perform a purchase agreement by tendering to plaintiff 385 shares allocated to apartment 7K of 33 Barker Avenue, White Plains, Westchester County, unanimously reversed, on the law, and judgment in favor of defendants dismissing the complaint is awarded, without costs.

On September 18, 1986, plaintiff, Joseph Greto, and defendant, Barker 33 Associates and Barker Avenue Apartment Corporation (collectively Barker), entered into a purchase agreement whereby plaintiff would purchase the shares allocated to his apartment, 7K of 33 Barker Avenue, pursuant to a plan for the conversion of the building to cooperative status. The plan, which was filed with the office of the Attorney-General on January 28, 1986, included the purchase agreement which, at paragraph 24, provided as follows: "I under-

stand that all periods of time in which I am required to pay any sums or otherwise perform any obligations under this Agreement shall be deemed to be of the essence of this Agreement."

Under the terms of the agreement, plaintiff made a cash down payment of $1,000, and was to pay the balance of the $40,425 purchase price by October 9, 1986. When he failed to do so, he was served, on October 15, 1986, with a default notice advising that the agreement would be canceled unless he cured within 30 days. On the thirtieth day, November 14, 1986, plaintiff delivered the bank mortgage commitment to Barker's agent, and was subsequently accorded a further opportunity to close as of the date of the building's master closing, December 1, 1986. Unable to close on that day, plaintiff was prepared to close on December 4, 1986. However, Barker refused to further adjourn the closing date, and the agreement was terminated on the basis of plaintiff's default.

On or about March 5, 1987, plaintiff commenced this action seeking specific performance and damages. In awarding judgment to plaintiff and directing Barker to specifically perform the terms of the agreement, the trial court held that, although plaintiff's delivery of the loan commitment was insufficient to cure his default, Barker had waived the default by permitting plaintiff to extend the closing date to December 1, 1986. The court also concluded that the implication of the "time of the essence" clause was not readily understood by someone without legal training. We reverse.

In *Grace v Nappa* (46 NY2d 560, 565), the Court of Appeals observed that, "[w]hen a provision that time is to be of the essence is inserted in a real property contract, the date established as the law day takes on especial significance", and that "each party must tender performance on law day unless the time for performance is extended by mutual agreement". Similarly, this court held in *Kaplan v Scheiner* (1 AD2d 329) that where the parties have by their agreement expressly made time of the essence, failure to perform on the specified date constitutes a default. Although a mutual verbal agreement to extend the time may indicate a waiver of this provision *(see, General Elec. Co. v National Contr. Co.,* 178 NY 369), no such waiver is deemed to have occurred here, since the written terms of the purchase agreement specifically provide for mutually agreed-upon adjournments.

Nor do we agree with the trial court that the "time of the essence" provision was not written in such a manner as to be

"readily understood by a lay person". First, we note that the Attorney-General's acceptance of the plan for filing constitutes an administrative determination of the sufficiency of its terms. *(See, Schumann v 250 Tenants Corp.,* 65 Misc 2d 253.) Moreover, plaintiff was represented by counsel as of September 1986, which was subsequent to the execution of the agreement, but prior to both his default in October 1986 and his failure to perform on December 1, 1986. Concur—Murphy, P. J., Carro, Rosenberger, Kassal and Smith, JJ.