◼ JAMES F. ALLEN et al., Appellants, v ROBERT KOWALEWSKI, Respondent. [659 NYS2d 670] —Judgment unanimously affirmed with costs. Memorandum: Plaintiffs appeal from a judgment entered after a bench trial that dismissed the complaint and granted judgment on defendant's counterclaim for services performed in renovating plaintiffs' building. We affirm.

The contention of plaintiffs that defendant breached the contract by failing to perform in a timely manner is without merit. Although the building was not completed and ready for occupancy prior to December 15, 1985, as required by the contract, plaintiffs waived the condition of timely performance. A party may waive timely performance even where the parties have agreed that time is of the essence (see, Stefanelli v Vitale, 223 AD2d 361, 362). Here, four days after the date in the contract for substantial completion had passed, plaintiff James F. Allen authorized additional work, stating that "[w]e recognize and realize, of course, that these extras are essential to the proper completion of the rehabilitation and authorize their

immediate attention". On December 31, 1985, Allen again authorized additional work and acknowledged that the extra costs were essential to the proper completion of the building. Further, Supreme Court credited the testimony of defendant that he did not cause the delay in obtaining the certificates of occupancy for all of the units. Defendant testified that the delay was the result of unanticipated conditions beyond his control, such as the replacement of an electrical transformer and the necessary additional work required by the replacement, asbestos removal for which defendant was not responsible, and the inability of plaintiffs to secure a conflict of interest waiver from the Department of Housing and Urban Development. "Determinations of the trial court regarding credibility and the weight of evidence are to be afforded great weight on review" (*Vail-Beserini v Beserini*, 237 AD2d 658, 661).

The contention of plaintiffs that the court erred in granting defendant judgment on his counterclaim for the balance due him, less certain offsets, is without merit. In addition to the contract figure of $900,000 for the cost of renovation, the contract provided for a contingency fund of $200,000 to cover unforeseen defects or conditions arising during the renovation. In a letter dated February 27, 1986, Stuart Alexander, plaintiffs' project coordinator, informed Allen that the rehabilitation would cost $1,100,000, thereby exhausting the contingency fund. Thereafter, Alexander advised the Housing Council of Buffalo that the total rehabilitation cost was $1,100,000. Additionally, the evidence fully supports the court's determination that the cost of renovating the building reasonably amounted to $1,100,000 (*see, Thoreson v Penthouse Intl.*, 80 NY2d 490, 495, *rearg denied* 81 NY2d 835; *Claridge Gardens v Menotti*, 160 AD2d 544, 544-545).

The contention of plaintiffs that they are entitled to an offset of $208,000 as the amount necessary to complete the project after defendant was discharged is also without merit. The record supports the court's finding that defendant completed the major portion of the work by December 1985 and fully discharged his obligations under the contract by May 27, 1986, with the exception of minor work costing, at most, $500.

Plaintiffs failed to sustain their burden of proof regarding their claim for lost rentals of $20,000 per month for the months of January through April 1986 (*see generally*, 36 NY Jur 2d, Damages, § 192).

Finally, we have considered plaintiffs' remaining contentions and conclude that they were properly resolved in defendant's favor by the trier of fact, who was "in the best position to

evaluate the credibility of the witnesses" (*Rivers v Deane,* 209 AD2d 936, 937; *see generally, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Blankenship v Kerr,* 225 AD2d 645). (Appeal from Judgment of Supreme Court, Erie County, Roberts, J.H.O.—Breach of Contract.) Present—Pine, J. P., Callahan, Doerr, Balio and Boehm, JJ.