■ Monet Milad et al., Appellants, v Paul Marcisak et al., Respondents. [762 NYS2d 282] —In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated March 19, 2002, which granted the defendants' motion to enjoin the sale or transfer of the subject property and directed the parties to comply with a stipulation dated November 7, 2001, by a date certain, and denied, as academic, their cross motion to terminate the "April 1997" lease and the option to purchase granted therein.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the matter is remitted to the Supreme Court, Queens County, for a determination of the cross motion.

The Supreme Court erred in concluding that the defendants Paul Marcisak and Barbara Marcisak (hereinafter the purchasers) were entitled to an injunction preventing the sale or transfer of the subject property. When a provision that time is of the essence is included in a real estate contract, each party

must tender performance on the law day unless the time for performance is extended by mutual agreement (*see Grace v Nappa,* 46 NY2d 560, 565 [1979]). When "time of the essence" is expressly stated, the parties are obligated to strictly comply with the terms of the contract (*see East Lincoln Realty Ctr. v Isley,* 170 AD2d 574, 575 [1991]).

Here, the purchasers defaulted on their contractual obligations by failing to appear at the closing on the scheduled date of January 15, 2002, pursuant to the stipulation dated November 7, 2001, and the contract of sale (*see Eichenstein v Glassman,* 302 AD2d 421 [2003]; *Zelmanovitch v Ramos,* 299 AD2d 353 [2002]; *Zahl v Greenfield,* 162 AD2d 449 [1990]). Santucci, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.