■ MOSDOS ORAYSA, INC., Appellant, v JOSEPH SAUSTO et al., Respondents. [787 NYS2d 160]— ·

Spain, J. Appeal from an order of the Supreme Court (Stein, J.), entered July 7, 2003 in Greene County, which, inter alia, granted a cross motion by defendants Joseph Sausto and Pleasant Acres Hotel, Inc. for summary judgment dismissing the complaint against them.

In August 2001, plaintiff entered into a contract with defendant Joseph Sausto, individually and on behalf of defendant Pleasant Acres Hotel, Inc. (hereinafter collectively referred to as Sausto), to purchase three parcels of real property in the Town of Athens, Greene County known as Pleasant Acres. The contract purchase price was $1,765,000, with a $100,000 down payment kept in escrow with Sausto's broker (hereinafter broker), to be forfeited if plaintiff defaulted under the contract. The contract also contained a mortgage contingency clause which required plaintiff to secure a mortgage commitment by August 31, 2001; in the event that plaintiff failed to secure this commitment, through no fault of its own, Sausto would have the option of terminating the contract upon return of the down payment. The focus of this appeal is the transfer of title clause which required title transfer on or before October 31, 2001, noting, "TIME IS OF THE ESSENCE." In addition, under the heading "Down Payment in Escrow," the contract provided, "If Buyer should default under this contract, the buyer shall forfeit the deposits and the seller shall waive any claim for actual damages."

It is uncontroverted that plaintiff failed to secure a mortgage commitment by the mortgage contingency date, August 31, 2001. As a result, the broker sent plaintiff a letter dated September 7, 2001 stating that plaintiff was in breach of the contract, that the mortgage contingency clause had expired and that, in the event the sale should fail to take place, the down payment would be retained by Sausto as liquidated damages. The letter also unequivocally indicated that Sausto wanted to sell the property to plaintiff "this fall" for the contract price.

The broker thereafter made several attempts to schedule a closing date prior to the title transfer deadline. The record does not reflect any effort by plaintiff to respond to these attempts. On October 31, 2001, plaintiff sent Sausto a letter offering to modify the contractual financing terms. Two days later, on November 2, 2001, Sausto sent a letter to the broker expressly rejecting plaintiff's modification offer and terminating the original contract. Sausto copied this letter to plaintiff's counsel. Believing the contract had been terminated, Sausto transferred Pleasant Acres to defendant Yeshaya Dovid Willner in December 2001.

After plaintiff scheduled a January 2002 closing date purportedly pursuant to the parties' contract, Sausto commenced an action seeking a judgment declaring the parties' rights and liabilities under the contract. Plaintiff thereafter commenced this action against Sausto and Willner seeking specific performance. Plaintiff and Sausto cross-moved for joinder of the two actions and for summary judgment. Supreme Court, among other rulings, joined the actions, denied plaintiff's cross motion for summary judgment, declared plaintiff to be in default on the contract based upon its failure to close by October 31, 2001, granted Sausto's cross motion for summary judgment and dismissed the complaint against Sausto and against Willner and defendant Pleasant Fields, Inc. Plaintiff now appeals challenging the summary judgment rulings, and we affirm.

Plaintiff's argument on appeal is that Sausto waived the "TIME IS OF THE ESSENCE" transfer title deadline of October 31, 2001. Upon review, we disagree, finding that plaintiff failed to raise any triable issue of fact or to establish its entitlement to judgment in its favor and, therefore, Sausto was correctly awarded summary judgment, having established plaintiff's default (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068 [1979]).

The Court of Appeals has observed that, "[w]hen a provision that time is to be of the essence is inserted in a real property contract, the date established . . . takes on especial significance," and "each party must tender performance on . . . [that] day unless the time for performance is extended by mutual agreement" (Grace v Nappa, 46 NY2d 560, 565 [1979]; see 15 Williston, Contracts § 46:2 [4th ed]). Failure to perform on the date specified, a material element of the contract, constituted a default by plaintiff (see Grace v Nappa, supra at 566; Milad v Marcisak, 307 AD2d 281 [2003]; Greto v Barker 33 Assoc., 161 AD2d 109 [1990]; Kaplan v Scheiner, 1 AD2d 329 [1956]), un-

less Sausto waived timely performance (*see Allen v Kowalewski*, 239 AD2d 879 [1997], *lv denied* 90 NY2d 806 [1997]; *Stefanelli v Vitale*, 223 AD2d 361, 362 [1996]; *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234 [1974], *affd* 34 NY2d 939 [1974]).

In this case, even viewed in a light most favorably to plaintiff on Sausto's cross motion (*see Wynn v T.R.I.P. Redevelopment Assoc.*, 296 AD2d 176, 180 [2002]), the evidence on which plaintiff relies in support of its waiver theory fails to demonstrate that Sausto ever waived the "TIME IS OF THE ESSENCE" title transfer deadline. The clear import of a letter from Sausto's broker dated September 26, 2001 was to immediately schedule a closing date to be held, as contractually provided, on or before October 31, 2001 in order to provide Sausto with sufficient time in advance of the closing to locate new housing. Contrary to plaintiff's assertions on appeal, the letter did not indicate that Sausto would need three to four weeks *after* closing to vacate the premises, and Sausto did not manifest an express or implied intent to extend the October 31st deadline anywhere in that letter (*cf. Allen v Kowalewski, supra*; *Stefanelli v Vitale, supra*).

Plaintiff's reliance on the subsequent letter from Sausto dated November 2, 2001 to support a waiver theory is also unavailing. That letter expressly stated that plaintiff led Sausto to believe that plaintiff could cure the mortgage commitment breach and close by October 31, 2001, both of which plaintiff failed to do. The letter then requested that the broker terminate the purchase contract and return the escrow funds to him. While this letter provided notice of the termination of the contract, it did nothing to waive the "TIME IS OF THE ESSENCE" provision.

Finally, plaintiff's contention that Sausto waived the "TIME IS OF THE ESSENCE" provision by failing to schedule and attend a closing on or before October 31, 2001 is likewise without merit. The record demonstrates that Sausto's real estate broker repeatedly attempted, in good faith, to schedule a closing on or before this date. Plaintiff, however, failed to cooperate with these requests, to forward a mortgage commitment or to give any indication that it had the funds to complete the purchase.

Thus, Supreme Court correctly determined that plaintiff's failure to close on October 31, 2001 constituted a default (*see Milad v Marcisak, supra*; *Palmiotto v Mark*, 145 AD2d 549, 549-550 [1988], *lv denied* 74 NY2d 608 [1989]; *Kaplan v Scheiner, supra*), entitling Sausto to rescind the contract and retain the down payment as specifically provided in the contract (*see Grace v Nappa, supra*; *Kaplan v Scheiner, supra*). As the contract was no longer operative, Sausto rightfully executed a new contract with Willner.

Based on the foregoing, plaintiff's argument that it was not in default and is entitled to specific performance is unavailing.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.