■ NEW COLONY HOMES, INC., Appellant-Respondent, v LONG ISLAND PROPERTY GROUP, LLC, Respondent-Appellant, et al., Defendant. [803 NYS2d 615]—

In an action for specific performance of a contract for the sale of real property, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated September 28, 2004, as denied its motion for summary judgment and granted those branches of the motion of the defendant Long Island Property Group, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and for summary judgment on its counterclaim for a judgment declaring that it is entitled to retain the plaintiff's deposit of $180,000, and the defendant Long Island Property Group, LLC, cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment on its counterclaim for a judgment declaring that it is entitled to retain a $60,000 payment made by the plaintiff.

Ordered that the order is affirmed, without costs or disbursements.

The contract for the sale of real property at issue here required the plaintiff purchaser to make two down payments to the defendant seller. The first, in the amount of $180,000, was due upon execution and delivery of the contract, and the second down payment, in the amount of $100,000, was payable "on or before One Hundred Eighty (180) days after the execution and delivery of this Contract, TIME BEING OF THE ESSENCE" (emphasis in original).

It is undisputed that the purchaser did not make the second down payment on or before 180 days after the execution and delivery of the contract, and that the seller rejected the purchaser's attempted late tender of the second down payment. When a contract states that time is of the essence, the parties are obligated to comply strictly with its terms (*see Milad v*

*Marcisak*, 307 AD2d 281 [2003]). Moreover, where time is of the essence, performance on the specified date is a material element of the contract, and failure to perform on that date constitutes, therefore, a material breach of the contract (*see Mosdos Oraysa, Inc. v Sausto*, 13 AD3d 838 [2004], *lv denied in part and dismissed in part* 5 NY3d 749 [2005]; *Chung-Li Chou v Main St. Assoc.*, 208 AD2d 670 [1994]).

Therefore, the Supreme Court properly denied the purchaser's motion for summary judgment on its complaint for specific performance, and granted that branch of the seller's motion which was for summary judgment dismissing the complaint. Furthermore, the Supreme Court properly awarded the seller summary judgment on its counterclaim seeking a declaration that it is entitled to retain the purchaser's first down payment (*see Maxton Bldrs. v Lo Galbo*, 68 NY2d 373, 378 [1986] ["vendee who defaults on a real estate contract without lawful excuse, cannot recover the down payment"]).

In addition, the Supreme Court properly denied that branch of the seller's motion which was for summary judgment on its counterclaim for a declaration that it was also entitled to retain an additional $60,000 payment made to it by the purchaser. This payment is only obliquely referenced in the parties' contract, and the seller failed to establish that, pursuant to the contract, in the event of the purchaser's default, it was entitled to retain this payment, which apparently did not constitute a down payment, but rather was paid in addition to the purchase price. Schmidt, J.P., Santucci, Luciano and Spolzino, JJ., concur.