■ EVERGREEN BANK, N.A., Plaintiff, v ZERTECK, INC., Doing Business as BOAT-N-RV WAREHOUSE, Defendant and Third-Party Plaintiff-Appellant. ERIC J. JACOBS, Third-Party Defendant-Respondent. [813 NYS2d 796]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered June 3, 2005 in Saratoga County, upon a decision of the court in favor of third-party defendant.

Following a short nonjury trial limited to the two counterclaims interposed in the third-party action, Supreme Court found for third-party defendant, Eric J. Jacobs, on his claim that defendant had violated General Business Law § 218-a when it sold a boat to Jacobs in April 2001. The court determined that defendant failed to post its refund policy (*see* General Business Law § 218-a [1]), Jacobs made a timely request for a refund (*see* General Business Law § 218-a [3]) and defendant improperly refused a refund. Jacobs was awarded a refund by the court of $4,650. Jacobs also sought counsel fees of $7,775 and the court awarded $2,500. Defendant appeals arguing that the award of counsel fees was improper and that Supreme Court incorrectly calculated the refund amount due to Jacobs.

"Under the general rule, attorney's fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989] [citations omitted]; *see Baker v Health Mgt. Sys.*, 98 NY2d 80, 88 [2002]; *Green Harbour Homeowners' Assn. v G.H. Dev. & Constr.*, 307 AD2d 465, 468 [2003], *lv dismissed* 100 NY2d 640 [2003]). The sole ground set forth in Jacobs' application to Supreme Court in support of his request for counsel fees was a general assertion that "[e]quity require[d]" such an award. That is not a cognizable basis upon which to award counsel fees. Nor does General Business Law

§ 218-a, the statute under which Jacobs prevailed, authorize counsel fees. Jacobs' efforts on appeal to interject for the first time an analogy to Real Property Law § 234 is unpersuasive, and we note that the possible relevance of General Obligations Law § 5-327 was not asserted before Supreme Court or on appeal. The award of counsel fees must be reversed.

We are unpersuaded by defendant's contention that the amount to be refunded to Jacobs was incorrectly calculated. Jacobs made a cash deposit of $2,150 and also traded in a motorcycle, which defendant sold. In the contract, the motorcycle was assigned a value of $7,000, minus $4,400 owed by Jacobs on the motorcycle. There was testimony that the actual pay-off of Jacobs' loan on the motorcycle by defendant was slightly more than $4,400. Supreme Court thus valued the motorcycle at $2,500, to which it added the cash deposit of $2,150 to arrive at a refund of $4,650. Although defendant presented evidence that the motorcycle was worth less than the $7,000 value it assigned to it and the motorcycle was sold for $1,500, Supreme Court nevertheless accepted the value that defendant set forth in the contract. We discern no reason to reject Supreme Court's assessment of the conflicting evidence.

Cardona, P.J., Crew III and Spain, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as made an award of counsel fees of $2,500 to third-party defendant; and, as so modified, affirmed.