■ JOHN P. SHERMAN, Appellant, v REAL SOURCE CHARITIES, INC., Respondent. [837 NYS2d 432]—

Cardona, P.J. Appeal from an order of the Supreme Court (Demarest, J.), entered October 26, 2006 in St. Lawrence

County, which, inter alia, denied plaintiff's motion for summary judgment.

The parties entered into a contract by which plaintiff agreed to buy from defendant a certain parcel of land in the City of Ogdensburg, St. Lawrence County. The sale price was $66,000 and plaintiff paid defendant a deposit of $6,600, which he was entitled to recover if defendant failed to perform the contract. By the terms of the agreement, the closing was to take place on or before October 28, 2005, with defendant having the option to extend that date by up to 30 days—to November 27, 2005— under certain circumstances.

Defendant, a charitable organization, was unable to obtain the necessary judicial approval of the sale in time to close on the law date. Plaintiff thereafter notified defendant by letter dated December 1, 2005 that he was no longer interested in purchasing the property and requested the return of his deposit. Defendant did not comply, prompting plaintiff to commence this breach of contract action seeking return of his deposit along with costs and legal fees. Supreme Court denied plaintiff's subsequent motion for summary judgment, holding that because the contract did not make time of the essence, defendant was entitled to a reasonable delay in closing. On this appeal, plaintiff contends that the contract did in fact make time of the essence. We agree with plaintiff.

"When a contract for the sale of real property does not state that time is of the essence, either party is entitled to a reasonable adjournment of the closing date" (*Baltic v Rossi*, 289 AD2d 430, 430 [2001] [citation omitted]; *see ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 489 [2006]; *Mercer v Phillips*, 252 AD2d 900, 901 [1998]). However, where the contract expressly provides that time is of the essence, the failure to close by the date designated in the contract constitutes a default, entitling either party to rescind the contract (*see Grace v Nappa*, 46 NY2d 560, 565-566 [1979]; *Mosdos Oraysa, Inc. v Sausto*, 13 AD3d 838, 840 [2004], *lv dismissed and denied* 5 NY3d 749 [2005]; *Greto v Barker 33 Assoc.*, 161 AD2d 109, 110 [1990]). Here, paragraph 2 of the contract for sale—entitled "Closing Date"— specifies the closing date and the circumstances under which that date may be extended, and would, therefore, appear to be a logical paragraph within which to locate a "time of the essence" requirement. However, in this case that clause appears in paragraph 12—entitled "Commission"—which provides in relevant part: "If the Buyer fails to perform this contract within the time herein specified, *time being of the essence of this agreement*, the deposit made by the Buyer shall be forfeited, and . . .

divided equally between the Agent and the Seller" (emphasis added).

Defendant argues that the "time of the essence" clause is limited by its context to the performance of the buyer—here, plaintiff. We disagree. Although located within the "Commission" paragraph and inserted in a sentence describing the disposition of the buyer's deposit in the event of the buyer's default, the "time of the essence" clause is itself independent and unambiguous, applying by its terms to the agreement as a whole.

Since the contract expressly provides that time is of the essence, defendant's failure to timely tender performance placed it in default (*see Grace v Nappa, supra* at 565-566; *Mosdos Oraysa, Inc. v Sausto, supra* at 840) and, contrary to defendant's assertions, equitable considerations will not excuse that default. Plaintiff having thus established defendant's default and defendant having failed to raise any triable issues of fact, plaintiff's motion for summary judgment should be granted.

Mercure, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.