■ #1 FUNDING CENTER, INC., Appellant, v H & G OPERATING CORPORATION et al., Respondents. [853 NYS2d 178]—

Peters, J.P. Appeals (1) from an order of the Supreme Court (Sackett, J.), entered June 16, 2006 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

In January 2005, the parties entered into an option agreement for the purchase of the business assets and real property owned by defendant H & G Operating Corporation, defendant Laur-Ell, Ltd. and defendant Estate of Mannie Halbert, as sole shareholder of the aforementioned corporate entities, on terms memorialized in an asset sale agreement. This agreement, as incorporated into the option agreement, provided for a purchase price of $8.1 million and a time of the essence closing date of March 3, 2005. As a result of three modification agreements subsequently executed by the parties, the option agreement, as finally amended, provided that the closing on the sale would take place on "May 31, 2005 at 10:00 [A.M.], time being of the essence." The parties failed to close on May 31, 2005 or any time thereafter and, by letter dated June 30, 2005, plaintiff was notified that it was in default. Pursuant to the terms of the asset sale agreement and rider, defendants subsequently demanded and received, without objection by plaintiff, the $610,000 in deposits from plaintiff that had been held in escrow.

In March 2006, plaintiff filed a notice of pendency and commenced the instant action seeking specific performance or, in

the alternative, monetary damages in the amount of $9.5 million. Defendants thereafter moved for summary judgment dismissing the complaint and for an order pursuant to CPLR 6514 cancelling the notice of pendency and awarding costs and expenses. Supreme Court granted the motion, dismissing the complaint and cancelling the notice of pendency. Concluding that plaintiff commenced the action and filed the notice of pendency in bad faith, the court also found that defendants were entitled to costs and expenses, as well as reasonable counsel fees. Pursuant to Supreme Court's directive, defendants filed a bill of costs and affidavit of expenses, which was approved by the court "without opposition" by plaintiff. The ensuing judgment awarded defendants costs and expenses in the amount of $213,641.97 and legal fees in the amount of $34,809. Plaintiff now appeals from both the June 2006 order and the judgment entered thereon.

To maintain an action for specific performance or for damages for nonperformance of a contract, plaintiff must demonstrate " 'that a tender of his or her own performance was made, unless tender was waived or the necessity for such a tender was obviated by acts of the other party amounting to an anticipatory breach of the contract or establishing that such party would be unable to perform' " (*Lower v Village of Watkins Glen*, 17 AD3d 829, 831 [2005], quoting *Madison Invs. v Cohoes Assoc.*, 176 AD2d 1021, 1021-1022 [1991], *lv dismissed* 79 NY2d 1040 [1992] [citations omitted]). In support of their motion for summary judgment, defendants submitted, among other things, the option agreement, as finally amended by the third modification agreement, as well as the rider to the asset sale agreement, all of which provided a time of the essence closing date negotiated by the parties for May 31, 2005. Defendants also submitted affidavits of counsel and a coexecutor of the estate, both of whom averred that defendants were ready, willing and able to close on the sale, but that plaintiff failed to close on the time of the essence date because it did not have sufficient funds necessary to purchase the subject property. Based upon these submissions, defendants met their initial burden of making a prima facie showing of entitlement to summary judgment dismissing the complaint (*see Realty Equities, Inc. v Walbaum, Inc.*, 18 AD3d 531, 531 [2005]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]).

In opposition to defendants' motion, plaintiff alleged that issues of fact exist as to whether defendants had orally agreed to adjourn the May 31, 2005 time of the essence closing date, citing to an affidavit of its president alleging as much and to

certain letters exchanged by the parties subsequent to the law date. " '[W]hen a provision that time is to be of the essence is inserted in a real property contract, the date established . . . takes on especial significance,' and 'each party must tender performance on . . . [that] day unless the time for performance is extended by mutual agreement' " (*Mosdos Oraysa, Inc. v Sausto*, 13 AD3d 838, 840 [2004], *lv dismissed and denied* 5 NY3d 749 [2005], quoting *Grace v Nappa*, 46 NY2d 560, 565 [1979]; *see Milad v Marcisak*, 307 AD2d 281, 281-282 [2003]). Here, while the record reveals that plaintiff requested an extension of the closing by letter dated June 1, 2005 (the day following the time of the essence date) and defendants thereafter indicated a potential willingness to do so upon certain conditions, it is undisputed that a mutual written agreement to extend the closing date was never consummated between the parties. Notably, the asset sale agreement, option agreement, and all subsequent modification agreements each contain a clause requiring that any modification thereof be in writing and signed by the parties. Therefore, in the absence of such a writing, any alleged oral modification to the time of the essence provision, in light of the contractual proscription against oral modification contained in the parties' written agreements, is barred by the statute of frauds (*see* General Obligations Law § 15-301 [1]; *Rose v Spa Realty Assoc.*, 42 NY2d 338, 343 [1977]; *see also Moutafis v Osborne*, 7 AD3d 686, 687 [2004]).*

Having found that plaintiff failed to raise a question of fact as to whether the parties agreed to postpone the May 31, 2005 closing date, we conclude that Supreme Court properly awarded summary judgment dismissing the complaint because plaintiff did not demonstrate that it was ready, willing and able to close on this law date (*see ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490 [2006]; *Mercer v Phillips*, 252 AD2d 900, 901 [1998]). Indeed, plaintiff's president conceded that its lenders had "backed out" only days before the May 31, 2005 scheduled closing date (*see First Frontier Pro Rodeo Circuit Finals v PRCA First Frontier Circuit*, 291 AD2d 645, 645-646 [2002]), and plaintiff submitted no documentation or other evidence establishing that it had the funds necessary to purchase the property on the date of the closing (*see Huntington Min. Holdings v Cottontail Plaza*, 60 NY2d 997, 998 [1983]; *Provost v Off*

---

* While plaintiff argues that defendants should be equitably estopped from raising the statute of frauds as a defense, plaintiff failed to preserve this argument for our review by not raising it before Supreme Court (*see Prince v 209 Sand & Gravel, LLC*, 37 AD3d 1024, 1026 [2007]; *Chock 34th St. Operating v Chock Full O'Nuts Corp.*, 173 AD2d 214, 216 [1991]; *Pastore v Zlatniski*, 122 AD2d 840, 841 [1986]).

*Campus Apts. Co., II*, 211 AD2d 850, 851 [1995]). Consequently, since the contract expressly provided that time is of the essence, plaintiff's failure to close on the May 31, 2005 date designated by the contract constituted a default (*see Sherman v Real Source Charities, Inc.*, 41 AD3d 946, 948 [2007]; *Mosdos Oraysa, Inc. v Sausto*, 13 AD3d at 840), entitling defendants to retain all moneys it received from plaintiff pursuant to the contract (*see Collar City Partnership I v Redemption Church of Christ of Apostolic Faith*, 235 AD2d 665, 666 [1997], *lv denied* 90 NY2d 803 [1997]; *see also Verolla v Beechwood Carmen Bldg. Corp.*, 43 AD3d 913, 914 [2007]).

Plaintiff also contends that Supreme Court erroneously awarded counsel fees to defendants in the absence of a contractual provision, statute or court rule permitting such an award. "Under the general rule, [counsel] fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule" (*Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491 [1989] [citations omitted]; *see U.S. Underwriters Ins. Co. v City Club Hotel, LLC*, 3 NY3d 592, 597 [2004]; *Evergreen Bank, N.A. v Zerteck, Inc.*, 28 AD3d 925, 925 [2006]). Here, Supreme Court awarded counsel fees pursuant to CPLR 6514 (c), which provides that "[t]he court, in an order cancelling a notice of pendency under this section, may direct the plaintiff to pay *any costs and expenses* occasioned by the filing and cancellation, in addition to any costs of the action" (emphasis added). This provision permits an award for counsel fees which flow from the wrongful filing and cancellation of such notice (*see Josefsson v Keller*, 141 AD2d 700, 701 [1988]) and, therefore, Supreme Court acted within its statutory authority to include such reasonable fees within its award. Plaintiff's final contention, that the deposit moneys constituted liquidated damages and defendants' retention thereof precluded a concurrent award for expenses and costs, is without merit. The purpose of CPLR 6514 (c) is to reimburse a party for costs and expenses incurred as a result of a wrongful filing of a notice of pendency, and such costs and expenses are "in addition to" (CPLR 6514 [c]), and separate and distinct from, any damages sustained by a party arising from the underlying claims in the action (*see Tucker v Mashomack Fish & Game Preserve Club*, 199 AD2d 957, 958-959 [1993]).

Defendant's remaining contentions, to the extent not addressed herein, are found to be unpreserved or lacking in merit.

Carpinello, Rose, Kane and Malone Jr., JJ., concur. Ordered that the order and judgment are affirmed, with costs.