■ REGGIE B. FINCH et al., Appellants, v MORGAN WRIGHT, Respondent. [894 NYS2d 240]—

Stein, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 16, 2008 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.

Defendant is the owner of approximately 28 acres of land in

the Town of Providence, Saratoga County. On May 12, 2005, plaintiffs and defendant entered into a written contract for the purchase and sale of approximately 13 acres of such property. The contract was contingent upon, among other things, subdivision approval for the 13 acres. Pursuant to the attorney contingency clause contained in the contract, certain amendments were made as reflected in correspondence from the parties' respective attorneys. Included in those amendments were, as pertinent here, an agreement by plaintiffs to obtain the subdivision approval within four months and, accordingly, an extension of the closing date from July 1, 2005 to September 12, 2005. Pursuant to the contract, in the event subdivision approval was not obtained by that date, the parties would have the option of canceling the contract and plaintiffs would be entitled to return of their deposit.

Thereafter, plaintiffs sought and obtained subdivision approval from the Planning Board of the Town of Providence[1] and the final plat was duly signed and stamped by the Chair of the Planning Board on August 30, 2005. On September 7, 2005, plaintiffs' counsel left a telephone message with defendant's counsel, requesting to schedule a closing date as soon as possible and also requesting that defendant send his paid tax receipts to plaintiffs in order to enable them to file the plat. However, upon ascertaining that the final plat had not yet been filed with the Saratoga County Clerk's office, defendant directed his attorney to cancel the contract.[2] On the following day, plaintiffs' attorney faxed a letter to defendant's attorney, declaring that time was of the essence and scheduling a closing for September 22, 2005. By letter dated September 13, 2005, defendant's attorney notified plaintiffs' attorney that defendant was canceling the contract because plaintiffs had failed to obtain the subdivision approval in a timely manner. Although plaintiffs appeared at the scheduled closing on September 22, 2005 with a certified check for the amount due defendant, neither defendant nor his attorney attended.

Plaintiffs subsequently commenced this action in September 2006 seeking money damages as a result of defendant's breach. Defendant thereafter moved, and plaintiffs cross-moved, for summary judgment. Supreme Court granted defendant's motion and denied plaintiffs' cross motion on the ground that "the fil-

1. Although such approval was conditional, it is undisputed that plaintiffs timely satisfied all of the conditions.

2. Defendant contends that he was unaware at that time that the closing date had been extended to September 12, 2005 and, therefore, believed that plaintiffs had not timely fulfilled the subdivision approval contingency.

ing of the final plat is an inherent contingency in obtaining subdivision approval," and, therefore, plaintiffs' failure to file the plat with the County Clerk constituted a failure to obtain subdivision approval. Plaintiffs now appeal.

Initially, we note that there are no disputed material issues of fact (*see generally American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 277 [1990], *lv denied* 77 NY2d 807 [1991]) and that this case distills to a matter of contract construction. Pursuant to Town Law § 276 (4) (f), a final plat is approved for a subdivision when signed "in final form by a duly authorized officer of a planning board pursuant to a planning board resolution granting final approval to the plat or after conditions specified in a resolution granting conditional approval of the plat are completed." By its plain meaning, this provision does not require filing of the plat as a condition of final approval. Indeed, "final approval qualifies the plat for recording in the office of the county clerk" (Town Law § 276 [4] [f]). Likewise, the parties' contract here was contingent upon "approval" of the subdivision and made no reference to the filing of such approval. Thus, plaintiffs obtained subdivision approval—and satisfied the contract contingency—when the final plat was signed and stamped on August 30, 2005, prior to the date required by the contract. Therefore, plaintiffs established, as a matter of law, that they were not in default of the contract.[3] Furthermore, since plaintiffs were not in default, defendant breached the contract by failing to convey title to them on or before the scheduled closing date (*see generally Grace v Nappa*, 46 NY2d 560, 565 [1979]; *Mosdos Oraysa, Inc. v Sausto*, 13 AD3d 838, 840-841 [2004], *lv dismissed and denied* 5 NY3d 749 [2005]). Accordingly, plaintiffs have established their cause of action for breach of contract sufficiently to warrant judgment in their favor as to defendant's liability (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). As to the issue of damages, the matter is remitted to Supreme Court to make a determination thereon.

Peters, J.P., Spain, Lahtinen and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant's motion and denied plaintiffs' cross motion as to liability; motion denied, cross motion partially granted, summary judgment awarded to plaintiffs as to liability, and matter remitted to the Supreme Court for a determination of the appropriate amount of damages; and, as so modified, affirmed.

---

**3.** Notably, while defendant argues that, pursuant to Town Law § 276 (11), approval of the final plat would have expired if it was not filed within 62 days, plaintiffs had until November 2005 to do so.