Garry, J.P.
Appeals (1) from an order of the Supreme Court (Meddaugh, J.), entered September 15, 2014 in Sullivan County, upon a decision of the court in favor of plaintiff, and (2) from the judgment entered thereon.
In March 2008, plaintiff’s assignors entered into a contract to sell a residential property located in Sullivan County to defendant Shennae Miranti (hereinafter defendant) for the sum of $75,000. The contract included an addendum that provided, among other things, that defendant would have the right to possession of the premises prior to closing, subject to the condition that she be liable for any damages in the event of her default, and set a closing date of February 26, 2009 with “time being of the essence.” Defendant paid a small binder and placed a down payment in escrow. Defendant’s counsel subsequently postponed the closing on two occasions due to scheduling conflicts, and the parties thereafter agreed to close by mail. Plaintiffs counsel mailed closing documents to defendant’s counsel advising that he considered August 11, 2010 to be the “ ‘drop dead’ date” for defendant to tender performance. No payment was received, and plaintiff began eviction proceedings. The parties settled those proceedings by a stipulation providing, among other things, to release defendant’s down payment from escrow to plaintiff, to reinstate the contract, and *1426 to allow defendant to continue to reside in the property subject to payment of $5,000 in damages. The parties further stipulated that defendant would be evicted and forego the right to enforce the contract if the closing did not occur prior to December 31, 2010. The closing never occurred. In January 2011, plaintiff discovered that defendant had vacated the property and that substantial damage had been done, rendering it uninhabitable. Plaintiff subsequently sold the property to another buyer for the sum of $35,100, and plaintiff thereafter commenced this action alleging, among other things, breach of contract. Following a bench trial, Supreme Court found that defendant had breached the contract by not tendering performance by December 31, 2010 and awarded plaintiff damages of $26,560. Defendant appeals.
Initially, we reject defendant’s argument that plaintiff’s amended complaint was fatally defective because it did not specify which provision of the contract was breached. It is well settled that “the primary function of a pleading is to apprise an adverse party of the pleader’s claim” (Cole v Mandell Food Stores, 93 NY2d 34, 40 [1999]). To fulfill this purpose, a complaint must be sufficiently detailed “to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense” (CPLR 3013). When examining the facial sufficiency of the complaint, it must be construed liberally, and any technical defects may be ignored in the absence of prejudice to the opposing party (see CPLR 3026; Siegel, NY Prac § 208 at 357 [5th ed 2011]). Here, the amended complaint’s fourth cause of action identified the parties and the subject property and alleged that defendant agreed to purchase the subject property for $75,000 and that defendant breached the contract, resulting in damages. “[P]laintiff was not required to attach a copy of the contract or plead its terms verbatim” (Griffin Bros. v Yatto, 68 AD2d 1009, 1009 [1979]), and we find that the allegations contained in the amended complaint were sufficient to provide defendant with adequate notice of plaintiff’s claim.
Defendant further contends that Supreme Court erred in finding that she had breached the contract because the parties’ stipulation, in which they agreed to reinstate the contract, did not make “time of the essence.” “When a provision that time is to be of the essence is inserted in a real property contract, the date established as the law day takes on especial significance” (Grace v Nappa, 46 NY2d 560, 565 [1979]), and “the failure to close by [that] date . . . constitutes a default, entitling either *1427 party to rescind the contract” (Sherman v Real Source Charities, Inc., 41 AD3d 946, 947 [2007]). A seller may “convert a non-time-of-the-essence contract into one making time of the essence by giving the buyer clear, unequivocal notice and a reasonable time to perform” (ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006] [internal quotation marks and citation omitted]; see Malley v Malley, 52 AD3d 988, 989-990 [2008]). Here, during the 2010 eviction proceeding, the parties stipulated that the contract would be “reinstate [d]” and that, if defendant did not close by December 31, 2010, defendant would be evicted from the property and lose all rights to enforce the contract. Thus, even assuming that the original “time [is] of the essence” clause in the parties’ contract was not revived as a result of their stipulation, the terms of the stipulation nevertheless provided defendant with adequate notice of plaintiff’s intention to set December 31 as the law date (see Decatur [2004] Realty, LLC v Cruz, 73 AD3d 970, 971 [2010]). The period of more than two months allotted to defendant to tender performance also constituted a reasonable time to perform, particularly in light of the fact that she had already secured a mortgage commitment and had failed to meet three prior deadlines for performance (see generally Ben Zev v Merman, 73 NY2d 781, 783 [1988]). Accordingly, we find no error in the court’s holding that defendant’s failure to tender performance by December 31 constituted a default (see Sherman v Real Source Charities, Inc., 41 AD3d at 948; Mosdos Oraysa, Inc. v Sausto, 13 AD3d 838, 841 [2004], lv dismissed and denied 5 NY3d 749 [2005]; Dub v 47 E. 74th St. Corp., 204 AD2d 145, 145 [1994], lv dismissed 84 NY2d 850 [1994]).
Finally, we find no error in Supreme Court’s determination as to damages. The court correctly measured plaintiff’s damages as “the difference . . . between the contract price and the fair market value of the property at the time of the breach” (White v Farrell, 20 NY3d 487, 489 [2013]). Use of the property’s resale value as evidence of the fair market value at the time of the breach is appropriate where, as here, the time between the default and resale is minimal and market conditions have remained relatively stable (see id. at 499). Plaintiffs evidence established both the contract price and the subsequent resale price, and defendant presented no evidence to support any lesser measure of damages (see generally Fisher v Qualico Contr. Corp., 98 NY2d 534, 539 [2002]).
Rose, Devine and Clark, JJ., concur. Ordered that the order and judgment are affirmed, with costs.