| Deuel v Fleming |
|:---:|
| 2026 NY Slip Op 30618(U) |
| February 27, 2026 |
| Supreme Court, Broome County |
| Docket Number: Index No. EFCA2024001692 |
| Judge: Eugene D. Faughnan |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At a Motion Term of the Supreme Court of the State of New York held in and for the Sixth Judicial District at the Broome County Courthouse, Binghamton, New York, on the 24th day of October 2025.

PRESENT:    HON. EUGENE D. FAUGHNAN
            Justice Presiding

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BROOME

---

JOHN DEUEL,

                                    Plaintiff,

vs.

FINTAN D. FLEMING AND MEREDITH J. FLEMING,

                                    Defendants.

---

DECISION AND ORDER

Index No.: EFCA2024001692

APPEARANCES:

Counsel for Plaintiff:

Hinman, Howard & Kattell, LLP
BY: RONALD L. GREENE, ESQ.
80 Exchange Street
Binghamton, NY 13902

Counsel for Defendants:

Bond, Schoeneck & King, PLLC
BY: DANIEL J. PAUTZ, ESQ.
One Lincoln Center
Syracuse, NY 13202-1355

[* 1]

**EUGENE D. FAUGHNAN, J.S.C.**

Plaintiff John Deuel filed the instant motion seeking summary judgment against Defendants Fintan D. Fleming and Meredith J. Fleming. In support, Plaintiff filed his affidavit, dated July 31, 2025, an Attorney Affirmation dated August 12, 2025 (with Exhibit) and a Memorandum of Law. Defendants filed opposition papers consisting of an Attorney Affirmation dated October 17, 2025 (with Exhibits) and Affirmations from both Defendants. The parties appeared for oral argument on the motions. After due deliberation, this Decision and Order constitutes the determination of this Court.[1]

## BACKGROUND FACTS

In October 2021, the parties entered into a Purchase and Sale Contract for the Fleming Defendants to purchase residential property located at 461 Oquaga Lake Road in Deposit, NY from Plaintiff Deuel. The parties utilized a standard real estate contract promulgated by the Greater Binghamton Association of Realtors, Inc. and the Broome County Bar Association. The purchase price was $650,000 and covered the land and personal property, including a boat, furniture and furnishings within the home. Defendants paid a $2,500 deposit, leaving a balance due of $647,500.

The contract contained a buyer's contingency that the Flemings enter "into a bona fide contract of sale on or before 12/7/2021" for property the Flemings owned in Skaneateles, NY [(Contract of Sale, NYSCEF Doc. No. 23 at ¶ 4(c)]. The contract between Deuel and Flemings did not require that the Flemings first <u>close</u> on the sale of their other property, but only that they have a <u>contract to sell</u> their other property by 12/7/2021.

The parties' contract also provided for buyer inspection contingencies including a general home inspection to be obtained within 14 days after the contract date on Flemings' contract for their other property. (Contract of Sale, NYCEF Doc. No. 23 at ¶ 5). Defendants entered into a contract to sell their Skaneateles property on October 19, 2021, well before the December 7, 2021, deadline. That made the home inspection due by November 2, 2021. It is undisputed that

---

[1] The Court has considered all the papers filed in support and opposition to the motion and cross-motion, as well as all the other documents contained in the electronic case file.

2

Defendants did not schedule an inspection prior to November 2, 2021. However, Defendants did schedule a general home inspection for December 14, 2021, and informed Deuel of that date. Deuel did not object, and agreed to meet the Flemings and the home inspector to let them in the house.

Following the home inspection, Defendants notified Plaintiff that the results were unsatisfactory, and Defendants wanted to terminate the purchase. Plaintiff refused to release Defendants from the contract since the home inspection was not obtained in a timely manner. Plaintiff also refused to return Defendants' deposit.

Subsequently, Plaintiff listed the property for sale and found another buyer. On or about October 26, 2022, Plaintiff entered into a new contract to sell the property for $525,000.

Plaintiff commenced this action for breach of contract and declaratory judgment, contending that Defendants failed to obtain an inspection in a timely manner and therefore, could not use the home inspection as a basis to cancel the contract. Accordingly, Plaintiff argues that Defendants breached the contract and that Plaintiff is entitled to the difference in the contract price he had with Defendants ($650,000) and the price he received when he sold the property in 2022 ($527,447.39). Plaintiff has rounded that off to $125,000 and Plaintiff also seeks to have the deposit money turned over to him. Essentially, this is a breach of contract claim for failing to follow through with the purchase of the property. Plaintiff's declaratory judgment cause of action seeks a determination from the Court that the buyers' deposit should be forfeited and paid to the Plaintiff.

Defendants filed opposition to the motion for summary judgment and submitted affidavits of Fintan Fleming and Meredith Fleming. Defendants acknowledge they did not obtain a general home inspection within 14 days of the contract to sell their other property, but they were first awaiting various attorney concerns and legal paperwork prior to scheduling the home inspection. Defendants informed Plaintiff that the sale of the Defendants' other property was expected to close in early December 2021. In early December, Defendants also contacted the Deuels about facilitating a home inspection, and Plaintiff did not raise any objection to the timeliness of the inspection. Defendants argue that the failure to object serves as a waiver by Plaintiff to insist on a timely inspection. The inspection revealed unknown and undisclosed roof problems. The Defendants thought they were purchasing property that did not need any repairs, but based on the inspection results, they decided to terminate the contract. Defendants believe

3

that, at the very least, there are material issues of fact regarding Plaintiff's waiver of the inspection deadline. In addition, they argue there is no evidence of the fair market value at the time of the alleged breach.

## LEGAL DISCUSSION AND ANALYSIS

When seeking summary judgment, "the movant must establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact" *Lacasse v. Sorbello*, 121 AD3d 1241, 1241 (3rd Dept 2014) *citing Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324 (1986) and *Winegrad v. New York Univ. Med. Ctr.*, 64 NY2d 851, 853 (1985) (other citation omitted); *see Amedure v. Standard Furniture Co.*, 125 AD2d 170 (3rd Dept. 1987); *Bulger v. Tri-Town Agency, Inc.*, 148 AD2d 44 (3rd Dept. 1989), *app dismissed* 75 NY2d 808 (1990). Such evidence must be tendered in admissible form. *Zuckerman v. City of New York*, 49 NY2d 557 (1980); *Friends of Animals, Inc. v. Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 (1979). Once this obligation is met, the burden shifts to the respondent to establish that a material issue of fact exists. *Dugan v. Sprung*, 280 AD2d 736 (3rd Dept. 2001); *Sheppard-Mobley v. King*, 10 AD3d 70, 74 (2nd Dept. 2004) *aff'd as mod.* 4 NY3d 627 (2005); *Alvarez v. Prospect Hosp.*, 68 NY2d 320, 324; *Winegrad v. N.Y. Univ. Med. Ctr.*, 64 NY2d 851, 853. "When faced with a motion for summary judgment, a court's task is issue finding rather than issue determination *(see, Sillman v. Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]) and it must view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference and ascertaining whether there exists any triable issue of fact" *Boston v. Dunham*, 274 AD2d 708, 709 (3rd Dept. 2000) (citation omitted); *American Food & Vending Corp. v. Amazon.com, Inc.*, 214 AD3d 1153 (3rd Dept. 2023). The motion "should be denied if any significant doubt exists as to whether a material factual issue is present or even if it is arguable that such an issue exists" *Haner v. De Vito*, 152 AD2d 896, 896 (3rd Dept. 1989) (citation omitted); *Lacasse v. Sorbello*, 121 AD3d 1241; *Asabor v. Archdiocese of N.Y.*, 102 AD3d 524 (1st Dept. 2013). It "is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact" *Vega v. Restani Constr. Corp.*, 18 NY3d 499, 505 (2012) (citation omitted); *Black v. Kohl's Dept. Stores, Inc.*, 80 AD3d 958 (3rd Dept. 2011).

4

[* 4]

The facts are clear and undisputed that Defendants did not obtain a general home inspection within the applicable timeframe. The deadline was November 2, 2021, but the inspection was not done until December 14, 2021. Therefore, unless the deadline was extended, Defendants could not rely on an untimely general home inspection to terminate the contract.

If Plaintiff waived the time limitation, then Defendants could still obtain a general home inspection after November 2, 2021, and rely upon the results of that inspection. For reasons set forth below, the Court does not agree with Defendants' position.

Plaintiff's first cause of action is based on breach of contract for Defendants' refusal to proceed with the sale. "[T]he essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the [defendants'] breach of its contractual obligations, and damages resulting from the breach" *Carroll v. Rondout Yacht Basin, Inc.*, 162 AD3d 1150, 1151 (3rd Dept. 2018) (internal quotation marks and citation omitted), *appeal and lv dismissed* 32 NY3d 1035 (2018). Plaintiff submitted a copy of the parties' signed agreement for the sale of the property, and established that he was ready, willing and able to convey the property at the closing. Defendants did not follow through with the purchase and Plaintiff ultimately sold the property for less than the contract price with Defendants. These facts are sufficient to satisfy Plaintiff's *prima facie* burden for breach of contract.

Defendants' main challenges are to the third and fourth elements for breach of contract: non-performance of Defendants' obligations and Plaintiff's damage. Defendants contend that there are material issues of fact with respect to their alleged breach because they believe there was a waiver of the time limitation for the home inspection, and they further argue that there are issues of fact with regard to any damages. The Court will focus on those last two elements.

The contract expressly addresses the timing requirement for the home inspection(s) and states that "[i]n the event any of the following tests and/or inspections which are to be obtained by the Buyer are not performed within the time period states, the tests and/or inspections are deemed waived" [Contract of Sale, NYSCEF Doc. No. 23 at ¶ 4(c)]. By not obtaining the home inspection by November 2, 2021, Defendants waived their right to obtain a pre-closing home inspection. Notwithstanding the contract language, Defendants argue that Plaintiff, through words and conduct, waived or extended the inspection deadline, such that Plaintiff should not be permitted to enforce the time deadline against the Defendants. It is true that "[a] party may

5

[* 5]

waive timely performance even where the parties have agreed that time is of the essence" [*Allen v. Kowalewski*, 239 AD2d 879, 879 (4th Dept. 1997) (citation omitted); *Mosdos Oraysa, Inc. v. Sausto*, 13 AD3d 838 (3rd Dept. 2004)] and that waiver or modification of the timely performance may be accomplished by mutual agreement or even by the conduct of a party. *See, Chaves v. Kornfeld*, 83 AD3d 522 (1st Dept. 2011); *Kistela v. Ahlers*, 22 AD3d 641 (2nd Dept. 2005).

Defendants highlight several factors to show that Plaintiff's actions manifest an agreement to an extension of time for the home inspection, or that there is at least a triable issue of fact on that matter. For example, Plaintiff testified that he permitted the Defendants to conduct a home inspection even though he was aware that the time limitation had been exceeded following Defendants obtaining a contract for their own property. Plaintiff also met Mr. Fleming and the home inspector at the property to let them in.

Contrary to Defendants' argument, these actions do not raise a triable issue concerning extending the time deadline for obtaining a home inspection. "A waiver is an intentional relinquishment of a known right and, as such, must be 'explicit, unmistakable, and unambiguous' *Fahs Constr. Group, Inc. v. State of New York*, 123 AD3d 1311, 1312 (3rd Dept. 2014), *lv denied* 25 NY3d 902 (2015). It cannot be inferred by a doubtful or equivocal act..." *MLB Constr. Servs. v. Dormitory Auth. of N.Y.*, 194 AD3d 1140, 1141 (3rd Dept. 2021). Here, there is not a scintilla of evidence to suggest that Plaintiff's actions show an intent to waive the contingency deadline by permitting an inspection. The fact that Plaintiff permitted the inspection does not imply that he was extending the 14-day limitation in the contract. In fact, there are other reasonable explanations or justifications, such as Plaintiff thought Defendants needed an inspection for insurance reasons or for informational purposes. In addition, Plaintiff was under no affirmative duty to object to an untimely inspection. There is no language in the contract that would suggest that failure to object constitutes a waiver of the time deadlines. Plaintiff's actions/inactions do not rise to the level of an explicit, unmistakable and unambiguous waiver of his right to insist on Defendants' obtaining a home inspection in a timely manner. This Court concludes that Defendants have not raised a triable issue of fact on the waiver claim, or on the issue of Defendants' unexcused failure to perform under the contract.

The next issue to be considered is the question of damages. Plaintiff claims that his damages are calculated by the difference in the amount of the contract he had with Defendants

6

and the amount he ultimately received when he sold the property. A property seller's damages for a buyer's breach can be measured "as 'the difference . . . between the contract price and the fair market value of the property at the time of the breach' (*White v Farrell*, 20 NY3d 487, 489, 987 NE2d 244, 964 NYS2d 467 [2013]). Use of the property's resale value as evidence of the fair market value at the time of the breach is appropriate where ... the time between the default and resale is minimal and market conditions have remained relatively stable" *12 Baker Hill Rd., Inc. v. Miranti*, 130 AD3d 1425, 1427 (3rd Dept. 2015). Plaintiff relies upon the sale of the property in October 2022 as proof of the value of the property at the time of Defendants' breach, and hence a measure of his damages. Although a subsequent sale may be the best evidence of the fair market value at the time of the breach, the Court is unable to make that finding in this case at the present time. There are facts and circumstances that need to be considered in analyzing whether the sale in October 2022 (10 months after the breach) is an accurate measure of the property's fair market value in December 2021. In his deposition, Plaintiff acknowledged that he chose to rent the property following the failed sale in December 2021 and that during that approximately one-year time period, the market changed leading to a decrease in property values. (John Deuel Deposition Transcript, pp. 76-77). Mrs. Deuel also testified that the property was sold to a childhood friend and that the new buyer probably paid less than the property was worth. (Janet Deuel Deposition Transcript at p. 30; John Deuel Deposition Transcript pp. 73-74). Those two factors present a reasonable argument that the 2022 sale does not, or may not, fairly establish the property's fair market value in December 2021.

In *White v. Farrel, supra*, the Court of Appeals specifically noted various (but not exclusive) factors to be considered, including the extent to which the later sale indicates the fair market value at the time of the breach, "given the lapse of time ... and any differences in market conditions and contract terms; whether the [seller] made sufficient efforts to mitigate ... which is relevant to any weight to be given the resale price as a measure of fair market value at the time of the breach" *White v. Farrell*, 20 NY3d at 501-502. Implicit in that evaluation would be consideration of whether the ultimate sale was a true arm's length transaction. There is evidence in this case to suggest that it was not an arm's length transaction. If it was not, then the price paid in October 2022 might not reflect the December 2021 fair market value. On the whole, there are questions of fact which preclude the Court from making a determination as to Plaintiff's damage, if any.

7

Plaintiff has established that Defendants' refusal to proceed with the closing was in violation of the terms of contract. Therefore, Plaintiff is entitled to summary judgment on the issue of liability. However, since there is still a question regarding fair market value there must be a hearing/Inquest to determine if there has been any resulting damage to Plaintiff.

Lastly, the Court now turns to Plaintiff's motion seeking an Order declaring that Plaintiff is entitled to the $2,500 being held in escrow and directing Defendants to release that money. The contract provides that "[i]f Buyer fails to perform Buyer's obligations under this Contract, Buyer shall forfeit the deposit and Seller may also pursue other legal rights Seller has against the Buyer" (Contract of Sale, NYCEF Doc. No. 23 at ¶ 23). Although the question of damages must still be resolved, the evidence establishes that Defendants did not obtain a general home inspection in a timely manner and could not rely upon that contingency to justify non-performance. Therefore, Defendants failed to perform under the contract and have forfeited the deposit. Accordingly, Plaintiff is entitled to declaratory judgment with regard to the deposit.

## CONCLUSION

Based on the foregoing, the Court concludes that Defendants did not obtain a general home inspection in a timely manner, and that their untimely home inspection cannot be used as a basis to terminate the contract. Plaintiff's acquiescence in permitting a late inspection does not amount to a waiver. Therefore, Defendant is bound by the terms of the contract. Additional evidence is necessary to determine the amount of Plaintiff's damages, if any. However, due to Defendants refusal to complete the purchase, Plaintiff is entitled to the security deposit currently being held in escrow.

Accordingly, it is hereby

ORDERED, that Plaintiff's motion for summary judgment for breach of contract is GRANTED WITH REGARD TO LIABILITY ONLY; and it is further

ORDERED, that this matter is being referred to a Judicial Hearing Officer for proceedings consistent with this Decision an Order; a separate Order to Hear and Determine will be issued by this Court, and it is further

8

[* 8]

ORDERED, that Plaintiff's motion for declaratory judgment that he is entitled to deposit money being held in escrow is GRANTED, and the $2,500 is to be paid over to Plaintiff.

Any issues raised by the parties and not specifically addressed herein have been found to be without merit.

This constitutes the Decision and Order of this Court.

Dated:       February _27_, 2026
              Binghamton, New York

                                     HON. EUGENE D. FAUGHNAN
                                     Supreme Court Justice

9