■ HERITAGE ART GALLERIES, LTD., Appellant, v JOSEPH RAIA et al., Respondents.—In an action, *inter alia,* for ejectment, the plaintiff appeals from an order of the Supreme Court, Richmond County (Sangiorgio, J.), entered September 12, 1989, which denied its motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants.

Ordered that the order is affirmed, without costs or disbursements.

This action arises out of a contract for the sale of real property in exchange for a substantial initial payment coupled with monthly installment payments in the amount of $1,343 over a 15-year period. These payments were to be partially credited toward the purchase price and partially toward tax, water and sewer charges. The contract additionally obligated the vendees to maintain fire insurance for the premises and to keep the premises in good repair.

The vendor, Heritage Art Galleries, Ltd., commenced this action alleging that the vendees, Joseph Raia and Pina Ann Pucci, breached the contract by failing to make required payments, to insure the premises against fire, and to maintain the premises in good repair. In the complaint, the plaintiff seeks to eject the defendants from the premises, to accelerate the remaining payments due under the contract, and to cancel the contract. After the defendants failed to answer the complaint or to appear, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against them. The Supreme Court denied this motion.

We disagree with the plaintiff's contention that the court improvidently exercised its discretion in denying its motion for leave to enter a default judgment. The order of ejectment requested in the complaint is improper under the circumstances. "[T]he execution of a contract for the purchase of real estate and the making of a part payment gives a contract vendee equitable title to the property and an equitable lien in the amount of the payment" *(Pobich Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 405, citing *Elterman v Hyman,* 192 NY 113; *Bean v Walker,* 95 AD2d 70). Further, a contract vendee who holds equitable title occupies the same position as the common-law mortgagor. Thus, the contract vendor may not enforce its rights by the simple expedient of an action in ejectment but must instead proceed to foreclose the vendee's equitable title *(see, Bean v Walker, supra,* at 75; 4 Pomeroy,

Equity Jurisprudence §§ 1260, 1261). The facts before us indicate that part payment has been made under the contract, thereby giving the defendants equitable title to the property. Consequently, the plaintiff may not enforce its rights by an action in ejectment, but must instead proceed to foreclose the defendants' equitable title or bring an action at law for the purchase price (see, Bean v Walker, supra, at 75; 4 Pomeroy, Equity Jurisprudence §§ 1260, 1262).

Contrary to the plaintiff's contention, we find that the court did not improvidently exercise its discretion in denying the other relief requested (see, CPLR 3013; cf., Stern v Consumer Equities Assocs., 160 AD2d 993, 994). Mangano, P. J., Bracken, Kunzeman and Miller, JJ., concur.