■ SATRA REALTY, LLC, Respondent, v KNOVEL CORPORATION, Appellant. [941 NYS2d 333]—

Malone Jr., J. Appeals (1) from an order of the Supreme Court (Cerio, Jr.), entered August 17, 2010 in Broome County, which, among other things, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

In December 2005, the parties executed a lease for defendant to rent from plaintiff the fourth and fifth floors of an office building in the City of Binghamton, Broome County from April 1, 2006 to March 31, 2009. In June 2007, defendant sent a letter to plaintiff stating that it believed that plaintiff was in default of a term in the lease which required plaintiff to pay real property taxes on the premises. After defendant failed to pay rent for July 2007, plaintiff sent a letter to defendant stating that defendant was in default of the lease. In August 2007, defendant sent another letter to plaintiff indicating that inasmuch as plaintiff was still in default of the lease term requiring payment of the real property taxes, defendant was

exercising its right to terminate the lease. Defendant thereafter vacated the premises.

Plaintiff then commenced this breach of contract action, seeking damages in the amount of all rent becoming due between defendant's alleged breach in July 2007 and the end of the lease term. Defendant answered, asserting a counterclaim for the return of its security deposit. The parties then cross-moved for summary judgment. Supreme Court granted summary judgment to plaintiff, denied defendant's cross motion, dismissed defendant's counterclaim, and, ultimately, issued a judgment in favor of plaintiff in the amount of $252,862.09. Defendant appeals and we reverse.

When interpreting a contract, it is well settled that, when the parties memorialize their agreement in a clear, complete document, the agreement should be enforced according to its terms, especially in the context of real property transactions where, as here, the contract is between sophisticated parties that negotiated at arm's length with the assistance of counsel (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Staples the Off. Superstore E., Inc. v Flushing Town Ctr. III, L.P.*, 90 AD3d 638, 639-640 [2011]). Here, the plain language of the parties' contract provides that "[plaintiff] shall pay all real estate taxes, assessments and other governmental charges which shall be levied or assessed or which become liens upon the premises, land, or building during the term" of the lease. The contract further provides that "[i]f [plaintiff] defaults in performance or observance of any provision of this Lease, [defendant] may withhold payment of rent hereunder so long as [plaintiff] remains in default, and, if such default shall not be cured by [plaintiff] within [30] days after the delivery of such notice, [defendant], at any time after the expiration of such [30] day period may terminate this Lease." It is undisputed that defendant notified plaintiff by letter on June 28, 2007 that plaintiff was in default of the provision that required it to pay the real property taxes and that, by letter dated August 2, 2007, defendant informed plaintiff that it was exercising its right to terminate the lease because plaintiff had not remedied the default. It is also undisputed that, at the time of defendant's June 28, 2007 letter, plaintiff had not paid the real property taxes on the building for approximately 1½ years.

We do not agree with Supreme Court's finding that the tax provision in the contract was nothing more than a way for the parties "to confirm and identify who was responsible to pay the taxes" and that, as such, plaintiff's undisputed failure to meet its obligation thereunder did not provide defendant with cause

to terminate the lease. The language in the contract is unequivocal and the provision requiring plaintiff to pay the taxes is located among many other provisions identifying various responsibilities of plaintiff—such as keeping the premises in good order and repair, providing defendant with access to the building, maintaining the elevators in working order and paying the electrical, gas and water expenses—the breach of which would undoubtedly give rise to defendant's right to terminate the lease. Although the parties could have specifically exempted the payment of taxes from the list of plaintiff's responsibilities, they did not do so; instead, the language clearly provides that plaintiff's breach of *any* provision of the lease would allow defendant to terminate the lease agreement if the breach was not cured by plaintiff within 30 days. On this record, it is undisputed that plaintiff did not pay the real property taxes and that it did not timely remedy the situation upon being notified of such by defendant. Plaintiff's failure to do so gave rise to defendant's right under the contract to withhold rent and, ultimately, terminate the lease agreement. Accordingly, defendant's cross motion for summary judgment dismissing the complaint should have been granted. In light of this result, Supreme Court's dismissal of defendant's counterclaim was error and the matter needs to be remitted for a determination thereof.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, plaintiff's motion for summary judgment denied, defendant's cross motion for summary judgment granted, complaint dismissed and matter remitted to the Supreme Court for further proceedings on defendant's counterclaim against plaintiff.