Egan Jr., J.
 

 Appeals (1) from an order of the Supreme Court (Tait, J.), entered June 14, 2016 in Broome County, which, among other things, partially granted plaintiff’s motion for summary judgment, and (2) from an order of said court, entered December 6, 2016 in Broome County, which, upon reargument, among other things, modified a prior order.
 

 Defendant is a public utility corporation that provides gas and electric services within New York. Defendant previously owned and operated several power generating facilities throughout the state, including, as relevant here, the Westover Plant,
 
 [1]
 
 located in the Village of Johnson City, Broome County. As a result of New York’s mandated deregulation of the electricity industry in the late-1990s, defendant was prohibited from owning and operating transmission and distribution facilities while concomitantly owning and operating power generating facilities. Accordingly, in 1998, defendant sold the Westover Plant and associated property (hereinafter the site) to AES Eastern Energy, L.P. Notably, the sale did not include certain real property and assets located adjacent to the actual Westover Power Plant Building (hereinafter the Power Plant), including two reserved parcels related to defendant’s transmission and distribution facilities (hereinafter the reserved parcels).
 
 [2]
 
 AES and defendant then executed various agreements, including an interconnection agreement governing how defendant’s transmission facilities would be connected to and provide power from the site and an amended reciprocal easement agreement (hereinafter the REA), to allow, among other things, defendant continued access to its transmission facilities.
 

 In 2011, AES filed for bankruptcy. As part of the bankruptcy proceedings, the Power Plant was to be sold to plaintiff, who indicated that it intended to salvage or scrap the equipment and demolish the plant for potential redevelopment. Because defendant still owned and operated its transmission facilities— which remained intertwined with the Power Plant—in May 2012, Bankruptcy Court approved a settlement agreement between AES and defendant that, among other things, ensured that defendant would have continued access to and use of these transmission facilities until such time as it could separate them from the Power Plant (hereinafter referred to as the separation project). Thereafter, in October 2012, Bankruptcy Court approved an asset purchase agreement between plaintiff and AES with respect to the site and, in December 2012, an assignment and assumption agreement, wherein plaintiff agreed to assume certain duties and responsibilities pursuant to the settlement agreement between AES and defendant.
 

 Subsequently, a dispute arose between the parties with respect to the project completion date for the separation project. The parties’ attempts to settle the dispute proved unsuccessful, and, when the separation project was not completed by the purported October 14, 2014 project completion date, plaintiff served defendant with a notice to quit the premises. Plaintiff thereafter commenced a proceeding by order to show cause and petition, which, among other things, set forth RPAPL article 7 claims and sought defendant’s ejectment from the “Westover Plant” and associated damages. Defendant thereafter moved to dismiss and, in September 2015, Supreme Court partially granted defendant’s motion by dismissing the RPAPL article 7 claims, and then it converted the remaining causes of action to a complaint and deemed plaintiff’s order to show cause to constitute a motion for summary judgment. Defendant thereafter filed an answer and asserted four counterclaims, which counterclaims plaintiff subsequently moved to dismiss.
 

 In June 2016, Supreme Court partially granted plaintiff’s motion to dismiss by dismissing defendant’s first, third and fourth counterclaims and granted plaintiff summary judgment on its ejectment cause of action.
 
 [3]
 
 In granting the latter, Supreme Court used language that could be interpreted as ejecting defendant from the entire site—i.e., both the Power Plant and its adjacent reserved parcels. Defendant thereafter moved to reargue and/or clarify Supreme Court’s June 2016 order, specifically requesting clarification on whether (1) the REA was still in force, and (2) what specific property at the site it was required to vacate. In December 2016, Supreme Court granted defendant’s motion to reargue and, upon reargument, modified its June 2016 order by determining that the REA remained in effect and that triable issues of fact regarding the existence, nature and extent of the REA precluded a finding of summary judgment in favor of either party on the existence of easements in favor of defendant for access to its reserved parcels. In essence, Supreme Court modified its prior order by limiting the grant of summary judgment on plaintiff’s ejectment cause of action to the Power Plant only and denied the motion as to the reserved parcels.
 
 [4]
 
 Defendant now appeals from Supreme Court’s June 2016 and December 2016 orders.
 
 [5]
 

 Plaintiff met its initial burden on its motion for summary judgment for its ejectment cause of action by demonstrating that it was the record owner of the Westover Plant, with a present and immediate right to possession, and that defendant continued to occupy portions thereof insofar as it had not completed the separation of its transmission facilities from the Westover Plant (see RPAI Pelham Manor, LLC v Two Twenty Four Enters., LLC, 144 AD3d 1125, 1126 [2016]; Merkos L'Inyonei Chinuch, Inc. v Sharf, 59 AD3d 408, 410 [2009]).
 
 [6]
 
 The burden, therefore, shifted to defendant to demonstrate the existence of a triable issue of fact; namely, that it remained lawfully on the premises.
 

 In opposition, defendant failed to raise a triable issue of fact. Defendant failed to timely sever its transmission system from the Power Plant by the stated project completion date. In determining whether the project completion date—as provided for in the May 2012 settlement agreement—was intended to be the actual date that the separation project was to be completed, we recognize the well-settled principle that “a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms” (Matter of Olszewski v Cannon Point Assn., Inc., 148 AD3d 1306, 1309 [2017]). Here, the settlement agreement entered into between AES and defendant governed the separation project and, pursuant to the December 2012 assignment and assumption agreement, such agreement was applicable to plaintiff.
 
 [7]
 
 Pursuant to section 2.5 of the settlement agreement, the proposed project completion date for the separation project was defined as the date that defendant actually completed such separation or, at the latest, 28 months after the entry of Bankruptcy Court’s order approving the settlement agreement became final.
 
 [8]
 
 A plain reading of the controlling settlement agreement clearly provides that defendant was to have severed its transmission facilities from the Power Plant no later than October 14, 2014. It is undisputed that defendant remained at the Power Plant well after the October 14, 2014 project completion date set forth in the settlement agreement.
 
 [9]
 
 Significantly, we also note that, at the time the settlement agreement and related agreements were entered into—i.e., during the pendency of AES’s bankruptcy proceedings—all parties thereto were aware that defendant intended to separate/sever its transmission facilities from the Power Plant in order to prepare for plaintiff’s ultimate demolition thereof. Accordingly, defendant’s assertion that the settlement agreement could be interpreted to allow it to indefinitely remain at the Power Plant regardless of when it chose to complete the separation project is wholly unavailing.
 

 Nor do we find that Supreme Court erred in not searching the record and granting defendant summary judgment with respect to the existence of easements to the reserved parcels despite defendant’s failure to cross-move for such relief (see CPLR 3212 [b]). Indeed, the REA created 13 easements in defendant’s favor that allegedly provide it varying degrees of access across the site to, among other things, its transmission equipment located thereon. Only two of these easements, however, specifically reference the reserved parcels that were the subject of Supreme Court’s June 2016 order. Neither provision, however, expressly grants defendant an easement for ingress or egress to its reserved parcels and there is no metes and bounds description delineating same. Accordingly, to the extent that the REA and associated agreements are ambiguous with regard to the existence, nature and extent of the easements providing defendant ingress and egress to the reserved parcels, Supreme Court properly found that issues of fact remain that require a trial.
 

 Lastly, we do not find that Supreme Court erred in dismissing defendant’s inverse condemnation counterclaim. “On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a claim, we must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the nonmoving party the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory” (Graven v Children’s Home R.T.F., Inc., 152 AD3d 1152, 1153 [2017] [citations omitted]; see CPLR 3026; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d 1550, 1555 [2016], lv dismissed 28 NY3d 1044 [2016]). A cause of action for inverse condemnation exists as a potential claim by an owner of real property whose interest has been permanently taken by a public entity who possesses, but has not exercised, its eminent domain power and compensated the property owner (see Corsello v Verizon N.Y., Inc., 18 NY3d 777, 785-786 [2012]; New York State Elec. & Gas Corp. v County of Chemung, 137 AD3d at 1555-1556). No cause of action for inverse condemnation will lie where, as here, the entity requesting a judgment for inverse condemnation is also a public entity possessing the power of eminent domain (see Corsello v Verizon N.Y., Inc., 18 NY3d at 786).
 

 To the extent not specifically addressed herein, the remaining claims have been considered and are either academic or without merit.
 

 McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
 

 Ordered that the orders are affirmed, with costs.
 

 [1]
 

 . The Westover Plant, also commonly referred to as Goudey Station, is a nonoperating, former coal-fired electric power generating facility.
 

 [2]
 

 . The reserved parcels are owned in fee by defendant; however, said property is surrounded or landlocked by the site.
 

 [3]
 

 . Supreme Court did not dismiss defendant’s counterclaim seeking to quiet title determining that, to the extent that defendant claims to possess certain “perpetual easements” over the site and insofar as it seeks the same relief that plaintiff seeks in its summary judgment motion—i.e., a determination of the parties’ property rights, it stated a valid of cause of action. Similarly, Supreme Court did not grant summary judgment on plaintiff’s remaining causes of action for trespass, unjust enrichment and declaratory judgment.
 

 [4]
 

 . In granting defendant’s motion to reargue, Supreme Court acknowledged that, at the time it issued its June 2016 order, it did not realize that the reserved parcels were effectively landlocked by the site and, as a result of its December 2016 order, defendant would have no meaningful access to same.
 

 [5]
 

 . To the extent that defendant filed timely notices of appeal from both Supreme Court’s June 2016 and December 2016 orders and inasmuch as the record on appeal in this matter was timely filed within nine months thereof (see Rules of App Div, 3d Dept [22 NYCRR] § 800.12), we find unavailing plaintiff’s contention that defendant’s arguments pertaining to Supreme Court’s June 2016 order are not properly before us.
 

 [6]
 

 . Plaintiff submitted copies of the three deeds recorded in the Broome County Clerk’s office transferring ownership of the subject property from AES to plaintiff. Notably, on appeal, defendant does not contest plaintiff’s ownership of the property or that it satisfied its initial summary judgment burden in this regard.
 

 [7]
 

 . Specifically, plaintiff assumed all right, title and interest in, and all of the duties, liabilities and obligations of, sections 2.4, 2.5, 2.7 and 2.8 (b) and (c) of the settlement agreement.
 

 [8]
 

 . Section 2.5 defined the “[p]roject [c]ompletion [d]ate” as that date 22 months from the “[d]eemed [r]ejection [d]ate.” In turn, section 1.5 of the settlement agreement defined the “[d]eemed [r]ejection [d]ate” as that date “six months after the date on which the order approving [the settlement agreement] becomes a final, non-appealable order.” Bankruptcy Court’s order approving the settlement agreement became final on June 14, 2012.
 

 [9]
 

 . Notably, defendant indicates that, subsequent to Supreme Court’s June 2016 order, it has now completed work on the separation project.