Cloke v Findlan (2018 NY Slip Op 07220)





Cloke v Findlan


2018 NY Slip Op 07220


Decided on October 25, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 25, 2018

526111

[*1]DANIEL A. CLOKE, Respondent,
v
NOREEN FINDLAN, Also Known as NOREEN STORCH, Appellant.

Calendar Date: September 11, 2018

Before: Garry, P.J., Clark, Mulvey, Rumsey and Pritzker, JJ.


The Law Offices of Keith R. Betensky, Bedford (Keith R. Betensky of counsel), for appellant.
Law Offices of Jeffrey S. Greene, PC, White Plains (Jeffrey S. Greene of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeals (1) from an order of the Supreme Court (Schick, J.), entered April 3, 2017 in Sullivan County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 28, 2017 in Sullivan County, which, upon reargument, among other things, granted plaintiff's cross motion for summary judgment on his claim for specific performance.
In July 2015, plaintiff entered into a contract with defendant for the purchase of an approximately 111-acre parcel of real property, known as Hillig Castle, located in the Town of Liberty, Sullivan County for $265,000. The contract required plaintiff to make a nonrefundable $35,000 down payment and, beginning in September 2015, to make 12 nonrefundable monthly installment payments of $5,000, with the remaining balance of $170,000 to be paid at the closing. A rider to the contract provided that, after tender of the initial down payment, plaintiff would have exclusive possession of the property as a licensee, entitling him to make any improvements and/or repairs to the premises. Pursuant to paragraph 42 of the rider, plaintiff was also required to pay the real property taxes on the premises by certain specified dates. This provision of the rider further provided that, in the event of plaintiff's failure to timely pay such property taxes, defendant shall be entitled to cancel the contract and retain all nonrefundable payments made by plaintiff to that point.
On February 11, 2016, defendant provided written notice to plaintiff that he was in default of various terms of the contract, including that which required the payment of certain real property taxes by January 31, 2016. In the notice, defendant also informed plaintiff that she was exercising her contractual right to cancel the contract and retain all amounts paid by plaintiff thereunder. Plaintiff thereafter commenced this action in April 2016 seeking, among other things, specific performance of the contract or, alternatively, an equitable lien against the property in the amount of all payments made under the contract. Defendant answered, raising [*2]several affirmative defenses and asserting a counterclaim for breach of contract. Defendant then moved for summary judgment, seeking dismissal of the complaint and a declaration that, because of plaintiff's defaults, the contract has been canceled and she is entitled to retain the nonrefundable payments made by plaintiff pursuant thereto. Plaintiff cross-moved for, among other things, summary judgment on his cause of action for specific performance. Following oral argument, Supreme Court issued a sparse decision from the bench in April 2017 denying both motions, finding "issues both of law and fact . . . that haven't been properly developed." Both parties thereafter moved for reargument and/or renewal. In another bench decision rendered in July 2017, Supreme Court, upon reargument, adhered to its original decision on defendant's motion, granted plaintiff's cross motion for summary judgment and ordered specific performance of the contract. Defendant now appeals [FN1] from both the April 2017 and the July 2017 orders.[FN2]
Initially, we reject plaintiff's contention that defendant's arguments pertaining to the April 2017 order are not properly before us (see GMMM Westover LLC v New York State Elec. & Gas Corp., 155 AD3d 1176, 1178 n 5 [2017]). Further, while the denial of a reargument motion is not appealable as of right (see Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]), because Supreme Court addressed and rejected the merits of defendant's claim, we "deem the court to have granted reargument and adhered to its prior decision" on defendant's summary judgment motion (id.; see Willig v Danzig, Fishman & Decea, 163 AD3d 1304, 1305 [2018]; Besicorp Group v Enowitz, 268 AD2d 846, 847-848 [2000]). Thus, the propriety of both orders is reviewable upon this appeal.
"The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent[, and] [t]he best evidence of what parties to a written agreement intend is what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks and citations omitted]; see 2138747 Ontario, Inc. v Samsung C & T Corp., 31 NY3d 372, 377 [2018]; Marin v Constitution Realty, LLC, 28 NY3d 666, 673 [2017]). Thus, "'a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009], quoting Greenfield v Philles Records, 98 NY2d at 569; accord Quadrant Structured Prods. Co., Ltd. v Vertin, 23 NY3d 549, 559-560 [2014]; see Matter of Banos v Rhea, 25 NY3d 266, 286 [2015]). Adherence to these precepts is "particularly important in the context of real property transactions, where commercial certainty is a paramount concern, and where . . . the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length" (South Rd. Assoc., LLC v International Bus. Machs. Corp., 4 NY3d 272, 277 [2005] [internal quotation marks and citations omitted]; accord Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]; Concord Assoc., L.P. v EPT Concord, LLC, 130 AD3d 1404, 1407-1408 [2015], lv denied 26 NY3d 912 [2015]; see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]).
Here, the clear and unambiguous language of paragraph 42 of the rider provides that, "[c]ommencing with the 2015-16 School Taxes due on September 30, 2015, [plaintiff] shall pay the real estate taxes during the month when due and submit proof of payment to [defendant]. The School Tax payment is due no later than September 30, 2015, and the Town and County Tax payment is due no later than January 31, 2016."[FN3] The rider further provides that, "[i]n the event [*3]that [plaintiff] fails to timely pay these taxes and submit proof of payment to [defendant] . . ., [defendant], at her option, may cancel this Contract by giving notice to [plaintiff] . . ., retain all monies paid, and no party shall have any obligation to the other."[FN4] This language made time of the essence with respect to the payment of real property taxes (see Satra Realty, LLC v Knovel Corp., 93 AD3d 1128, 1129-1130 [2012], lv denied 19 NY3d 814 [2012]; Kulanski v Celia Homes, Inc., 7 AD2d 1006, 1006-1007 [1959]; see also Jannetti v Whelan, 131 AD3d 1209, 1210 [2015]; 12 Baker Hill Rd., Inc. v Miranti, 130 AD3d 1425, 1427 [2015]; Perillo v De Martini, 54 AD2d 691, 691-692 [1976], lv denied 40 NY2d 808 [1976]). It is undisputed that plaintiff failed to pay the Town and County tax on or before January 31, 2016 and that, in accordance with the terms of the contract, defendant informed plaintiff in writing that she was exercising her right to cancel the contract due to such default. Further, the contract contains no provision for a grace period, nor does it require that defendant provide plaintiff with an opportunity to cure the breach (see Awards.com, LLC v Kinko's, Inc. 14 NY3d 791, 793 [2010]). Thus, contrary to the conclusion reached by Supreme Court, plaintiff's failure to pay the property taxes on the date specified constituted a material breach of the contract precluding him from obtaining specific performance (see Grace v Nappa, 46 NY2d 560, 567 [1979]; Satra Realty, LLC v Knovel Corp., 93 AD3d at 1130; Mosdos Oraysa, Inc. v Sausto, 13 AD3d 838, 840-841 [2004], lv dismissed and denied 5 NY3d 749 [2005]; Hooker v Wooten, 237 AD2d 572, 572 [1997]; Swezey v Marra, 143 AD2d 827, 828 [1988]).
To the extent that plaintiff suggests that defendant waived her right to enforce paragraph 42 of the rider, we disagree. "[W]aiver is the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it. Such a waiver must be clear, unmistakable and without ambiguity" (Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd., 7 NY3d 458, 465 [2006] [internal quotation marks, ellipsis and citations omitted]; see Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968 [1988]). Even viewed in the light most favorable to plaintiff, as the nonmoving party on defendant's motion (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Carroll v Rondout Yacht Basin, Inc., 162 AD3d 1150, 1152 [2018], appeal dismissed ___ NY3d ___ [Oct. 11, 2018]), the evidence fails to establish that defendant ever accepted payment under the contract after declaring plaintiff in default or that she otherwise engaged in any conduct that would have the effect of waiving her right to timely performance of plaintiff's contractual obligations (see Premier Ford NY, Inc. v Ryan, 162 AD3d 699, 700 [2018]; Mosdos Oraysa, Inc. v Sausto, 13 AD3d at 841).
As defendant thus established plaintiff's default under the contract and plaintiff failed to raise any triable issue of fact, plaintiff's cause of action for specific performance should have been dismissed (see Grace v Nappa, 46 NY2d at 567; Satra Realty, LLC v Knovel Corp., 93 AD3d at 1130; Sherman v Real Source Charities, Inc., 41 AD3d 946, 947 [2007]; Mosdos Oraysa, Inc. v Sausto, 13 AD3d at 841-842). We further conclude, however, that, notwithstanding plaintiff's material breach, defendant is not entitled to relief in the form of cancellation of the contract and retention of all payments made by plaintiff thereunder.
"[T]he execution of a[n installment] contract for the purchase of real estate and the making of a part payment gives a contract vendee equitable title to the property and an equitable lien in the amount of the payment" (Heritage Art Galleries v Raia, 173 AD2d 441, 441 [1991] [internal quotation marks and citations omitted]; see Elterman v Hyman, 192 NY 113, 119-120 [1908]; Edwards v Van Skiver, 256 AD2d 957, 958 [1998]; Bean v Walker, 95 AD2d 70, 72 [1983]). The contract vendor, in turn, "holds the legal title in trust for the vendee, subject to the vendor's equitable lien for the payment of the purchase price in accordance with the terms of the contract" (Bean v Walker, 95 AD2d at 74; see Edwards v Van Skiver, 256 AD2d at 958). "Accordingly, the vendee under a land sale contract has acquired an interest in the property that [*4]must be extinguished before the vendor can resume possession, notwithstanding whether a provision in the contract provides that in the event of the vendee's uncured default . . ., the vendor has the right to declare the contract terminated and repossess the premises. A vendor may not enforce his [or her] rights by an action in ejectment, but must instead proceed to foreclose the vendee's equitable title or bring an action at law for the purchase price" (Russell v Pisana, 164 AD3d 704, 705 [2018] [citation omitted]; see Heritage Art Galleries v Raia, 173 AD2d at 441-442; Bean v Walker, 95 AD2d at 74).
Plaintiff, having made substantial payments to defendant pursuant to the installment land sale contract at issue, acquired equitable title to the property and an equitable lien in the amount of all payments made pursuant to the contract. Thus, despite plaintiff's default under the contract, defendant cannot obtain relief under the provision of the rider that provides for cancellation of the contract and forfeiture of all monies paid by plaintiff as liquidated damages (see Russell v Pisana, 164 AD3d at 705). Accordingly, to the extent that defendant's motion sought a declaration to that effect, it must be denied. Defendant's remedies are, instead, limited to foreclosing plaintiff's equitable title or bringing an action at law for the purchase price of the property, neither of which defendant has sought (see id.; Heritage Art Galleries v Raia, 173 AD2d at 442; Bean v Walker, 95 AD2d at 74)[FN5]. Further, because defendant could not summarily cancel the contract and resume possession, plaintiff is entitled to continued possession of the premises during such time.
The parties' remaining contentions, including their respective requests for an award of costs and sanctions against the other, have been reviewed and rejected.
Garry, P.J., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion for summary judgment on his cause of action for specific performance and denied defendant's motion for summary judgment dismissing said cause of action; cross motion denied to said extent, motion granted to said extent and plaintiff has equitable title to the property and an equitable lien as set forth herein; and, as so modified, affirmed.



Footnotes

Footnote 1: Supreme Court subsequently stayed the matter pending this appeal.

Footnote 2: The transcript of both the April 2017 and the July 2017 proceedings contain "so ordered" language at the foot of the transcript. As such, each constitutes an appealable paper (see CPLR 5512 [a]; Bellizzi v Bellizzi, 82 AD3d 1541, 1542-1543 [2011]).

Footnote 3: Contrary to plaintiff's contention, the contract and rider do not contain inconsistent provisions with respect to the payment of real property taxes. In any event, even assuming that they did, the contract specifically references the rider and provides that, in the event of an inconsistency between the two, the terms of the rider shall prevail.

Footnote 4: Thus, despite plaintiff's protestations to the contrary, nothing in the language of paragraph 42 of the rider requires defendant to provide notice of her intent to cancel the contract prior to exercising that right.

Footnote 5: We note, parenthetically, that defendant, as a contract vendee with equitable title, would have the common-law right to redeem the property prior to any such foreclosure sale (see LIC Assets, LLC v Chriker Realty, LLC, 131 AD3d 946, 947 [2015]; Norwest Mtge., Inc. v Brown, 35 AD3d 682, 683 [2006]; Carnavalla v Ferraro, 281 AD2d 443, 443 [2001]).