■ LIBA ESTATES, INC., et al., Appellants, v EDRYN CORP. et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about July 20, 1990, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, dismissed defendants' first, second and fourth counterclaims and which referred the third counterclaim to the Special Referee to hear and report, unanimously affirmed, with costs.

The parties herein entered into several integrated contracts for the purchase of seven parcels of real property. Closings were originally set to take place in July and August of 1988. Plaintiffs requested and defendants granted several adjournments until finally, in or around October 1988, the parties entered into a Modification Agreement, pursuant to which plaintiffs were given an option to adjourn the closings to a "convenient date between January 1 and January 15, 1989 * * * provided that said option is exercised no later than November 4, 1988." The Modification Agreement further provided that the Purchasers' attorney would notify the Sellers' attorney whether or not the Purchasers would close by November 15, 1988, with time of the essence, or would exercise their option to adjourn. Plaintiffs exercised their option to adjourn. However, no closing took place during the time specified in the Modification Agreement, and apparently plaintiffs indicated that they would not go forward with the closing during the specified time. Thus, on or about January 11, 1989, defendants' attorney forwarded to plaintiffs' counsel a letter which unequivocally set a time of the essence closing date for January 31, 1989, and which notified plaintiffs that they would be deemed to be in breach of the agreements if they failed to go forward on that date.

Where time is not made of the essence in the original contract, one party may, unilaterally, give subsequent notice to that effect and avail himself of forfeiture on default, provided such notice is clear, distinct and unequivocal, fixes a reasonable time within which to perform, and informs the other party that a failure to perform by that date will be considered a default (see, Mohen v Mooney, 162 AD2d 664, 665; Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781). In this case, plaintiffs have offered nothing but conclusory allegations and innuendo which would indicate that the 21 days as noticed by defendants was not a reasonable time within which to perform, and in light of repeated requests for adjournment by plaintiffs and the admitted burden and expense occasioned by defendants in keeping their buildings primarily vacant in accordance with their agreement, the motion court properly determined such period to be reasonable (see, e.g., Zev v Merman, supra). We find plaintiffs' arguments regarding gains tax and defendants' purported interference with plaintiffs' ability to obtain financing to be without merit and without contractual basis. The unexecuted draft of a purported accord agreement is insufficient to raise any triable issues of fact.

With respect to defendants' counterclaim for sanctions and costs, we deem the matter to have been properly referred for determination. Concur—Murphy, P. J., Carro, Rosenberger, Ross and Rubin, JJ.