■ FILOMENO STEFANELLI et al., Appellants, v VINCENZO VI-TALE et al., Respondents. [636 NYS2d 50] —Judgment, Supreme Court, Bronx County (Luis Gonzalez, J.), entered February 24, 1995, which, after a nonjury trial, dismissed plaintiffs' complaint, unanimously reversed, on the law and the facts, with costs, judgment awarded to plaintiffs, and the Clerk directed to enter judgment directing the escrow agent to release the subject funds to plaintiffs.

In this action for breach of a real estate sales contract, plaintiffs sellers seek the release to them from escrow of a down payment in the amount of $29,000, based on their claim that defendants wrongfully refused to close the contract. Defendants' refusal to close was based on their claim that plaintiffs were unable to turn over the property free and clear of violations in timely fashion.

The evidence presented at the trial shows that the original closing date, June 30, 1990, which was not made of the essence, was postponed after defendants obtained a title report indicating that there were 28 recorded violations on the subject property, but that, upon plaintiffs informing the defendants that the violations had long before been cleared in fact, though not on record, the defendants agreed to reschedule the closing for August 1990. Although the August closing did not take place, in September, 1990, plaintiffs, who had requested an inspection of the premises from the Department of Housing Preservation and Development ("HPD"), provided defendants with a letter from HPD informing defendants that all 28 violations of record were found to have been cleared. At that point, plaintiffs' attorney set a new closing date of November 20, 1990, and, for the first time, provided that time was of the essence. However, defendants again refused to close, notwithstanding the letter from HPD, because the violations had not yet been formally removed from the record.

On March 13, 1991, after the commencement of the within

action, plaintiffs submitted a "Dismissal Request Form" to HPD to have the violations formally expunged and, after submission of a second Dismissal Request Form on May 29, 1991, plaintiffs' attorney wrote to defendants' attorney offering to set a new closing date, which defendant's attorney responded to by stating "Clean up violations so that we can proceed to a closing—or give up—return monies in escrow". On July 3, 1991, plaintiffs received notice from HPD that all the outstanding violations had been dismissed on the record, but defendants nevertheless refused to proceed with the closing under any circumstances. Plaintiffs ultimately sold the property elsewhere.

When a contract does not specify that time is of the essence, one party may subsequently give notice to that effect provided that such notice is clear, distinct and unequivocal and fixes a reasonable time within which to perform (*Knight v McClean*, 171 AD2d 648, 649-650). Such notice may be effected by a letter from one of the party's attorneys (*76 N. Assocs. v Theil Mgt. Corp.*, 114 AD2d 948, 949, *lv denied* 70 NY2d 612). In this case, notice was properly provided by plaintiffs' attorney in September, 1990 when he informed defendants that time was of the essence and that he was setting a new closing date of November 20, 1990.

As defendants point out, once time is of the essence, it is of the essence for both parties, and defendants are as entitled to enforce the provision as plaintiffs (*see, Dub v 47 E. 74th St. Corp.*, 204 AD2d 145, *lv dismissed* 84 NY2d 850). However, even after time has been made of the essence, a party's right to timely performance may still be waived (*see, 76 N. Assocs. v Theil Mgt. Corp., supra*, at 949). Here, the provision was waived by the statement of defendant's attorney in response to plaintiffs' attorney's letter of June 6, 1991, that plaintiffs should "[c]lean up violations so that we can proceed to a closing—or give up—return monies in escrow." This unequivocally stated a present willingness to proceed with closing on defendants' part in spite of the passage of the date which had previously been made of the essence.

Defendants having waived the provision making time of the essence, and plaintiffs having become ready, willing and able to proceed to closing within a reasonable time of defendants' June, 1991 statement that they were still willing to proceed, we find that defendants failed to demonstrate that their nonperformance was justified by a lawful excuse. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Tom, JJ.