■ CAROLYN ROMANTINI, Respondent, v BRUCE IRRGANG, Appellant. [767 NYS2d 579]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered October 4, 2002, which, in this action to recover a deposit under a contract of sale, denied defendant's motion to vacate the default judgment entered against him for failure to appear or submit a responsive pleading, and referred the issue of damages to a special referee to hear and report with recommendations, unanimously affirmed, without costs.

The record establishes that service of process was made upon defendant, the purchaser under a contract for the sale of a cooperative apartment, in Pennsylvania pursuant to both CPLR 308 (1) and (2) (CPLR 302, 313). Defendant's contention that the affidavit of mailing was not filed with the court was improperly raised for the first time on appeal, and we decline to consider it (*see Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [2000]).

Upon consent to adjournment of the closing, plaintiff was entitled to "unilaterally impose a condition that time be of the essence as to the rescheduled date" (*Miller v Almquist*, 241 AD2d 181, 185 [1998]). The letter agreement between counsel adjourning the closing is unequivocal, and the date for performance is undeniably reasonable, having been set at defendant's request (*id.*; *Stefanelli v Vitale*, 223 AD2d 361, 362 [1996]). As agent for defendant with at least apparent authority to act for his principal, counsel's signature on the stipulation of adjournment bound defendant to its terms (*see Hallock v State of New York*, 64 NY2d 224, 230-232 [1984]). Defendant's failure to appear at the scheduled closing is a breach of the contract of sale, and defendant has therefore failed to set forth a meritorious defense to the action (CPLR 5015; *see Goncalves v Stuyvesant Dev. Assoc.*, 232 AD2d 275 [1996]). In any event, we further find that defendant has failed to establish a reasonable excuse for his default in appearance. Concur—Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ.