■ Joy Barbosa Chaves et al., Respondents, v Stephen Kornfeld et al., Appellants. [921 NYS2d 64]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered December 28, 2009, declaring that defendants, as purchasers, had breached the contract for the sale of certain cooperative property, and that plaintiff sellers were entitled to retain the down payment as liquidated damages, and entering judgment in the sum of $393,350.48, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 8, 2009, which granted plaintiffs' motion for summary judgment in their declaratory judgment action, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court properly found that defendants purchasers had breached the contract for sale of the cooperative apartment and that plaintiffs sellers were entitled to retain the down payment as liquidated damages. Defendants' counsel admits in his letter of August 2, 2008, purporting to cancel the contract, and in his affidavit below, that defendants expressly waived enforcement of the July 2, 2008 time-of-the-essence closing date contained in the contract and addendum, which mandated closing within 30 days of the cooperative board approval of the sale. The ad-

ditional language stating "but not extending beyond the expiration of Purchaser's Loan Commitment Letter" did not create a second time-of-the-essence closing deadline, but merely further circumscribed the 30-day limit from the time of board approval. Any other reading would render the 30-day limit meaningless. In any event, even assuming that the expiration of the loan commitment letter (July 30, 2008) was a new time-of-the-essence deadline, defendants clearly waived such deadline by their conduct (*see Kistela v Ahlers*, 22 AD3d 641, 643 [2005]; *Stefanelli v Vitale*, 223 AD2d 361, 362 [1996]). Defendants expressly asserted that they could not close until October 1st at the earliest, and then waited more than two weeks, three days after the loan commitment letter expired, to respond to plaintiffs' counsels' letter of July 17th setting a time-of-the-essence closing date for August 19th. Thus, defendants allowed plaintiffs to believe that the August 19th closing was in effect, until after the loan commitment letter had expired, and cannot now seek to hold plaintiffs to that purported deadline. Since the contract otherwise expressly disavowed that it was contingent on any financing, the loan commitment letter held no further significance. Moreover, at no time did defendants ever assert that the expiration of the loan commitment letter constituted a breach.

Once the contractual time-of-the-essence closing date was waived, and no other such date existed, plaintiffs were within their rights to unilaterally set a time-of-the-essence closing date (*see Liba Estates v Edryn Corp.*, 178 AD2d 152 [1991]; *Mohen v Mooney*, 162 AD2d 664, 665 [1990]). From the time of the plaintiffs' notice of the closing date, defendants had 33 days to prepare for closing. In the absence of any demonstrated prejudice from this closing date, the time set was reasonable (*see e.g. Liba Estates* at 153; *Mohen* at 665). Defendants' assertion that August was "not good" for them is insufficient to raise a triable issue as to whether the closing date set by plaintiffs was reasonable.

Defendants' assertions of bad faith on the part of plaintiffs, and the need for discovery on this issue, are without merit, as defendants raise no material issue as to any such bad faith. It is immaterial that plaintiff husband expressed a lack of desire to sell; that prior negotiations were abruptly halted before the execution of the instant contract; that plaintiffs were involved in a divorce which made communications difficult; or that plaintiff husband never called defendant husband back, since their counsel were in communication regarding closing dates. Therefore, defendants' attempt to cancel the contract was inef-

fective and their failure to close on August 19th constituted a breach, entitling plaintiffs to retain the down payment. Concur—Andrias, J.P., Saxe, Friedman, Moskowitz and Richter, JJ.