■ Leslie Westreich et al., Appellants, v George G. Bosler et al., Respondents. [965 NYS2d 467]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered July 28, 2011, which denied plaintiffs' motion for summary judgment and, upon searching the record, granted summary judgment to defendants dismissing the complaint, unanimously affirmed, with costs.

The February 11, 2009 letter from defendant Levien to plaintiffs' counsel was sufficient to make the closing on the sale of defendant Bosler's apartment to plaintiffs time of the essence. Regardless of whether the notice to plaintiffs was reasonable, plaintiffs did not voice their objections prior to the closing date, and thus acquiesced, as a matter of law, in the reasonableness of the closing date (*see Zev v Merman*, 134 AD2d 555, 558 [2d Dept 1987], *affd* 73 NY2d 781 [1988]). Plaintiff Leslie Westreich owns hundreds of apartments and was represented by counsel, yet inexplicably failed to respond to the February 11 notice (*see id.*).

Plaintiffs' argument that the notice provided by defendants did not explicitly state that time was of the essence is unavailing. "A party need not state specifically that time is of the essence, as long as the notice specifies a time on which to close and warns that failure to close on that date will result in

default" (*Karamatzanis v Cohen*, 181 AD2d 618, 618 [1st Dept 1992] [internal quotation marks omitted], *lv denied* 80 NY2d 754 [1992]). Levien's February 11, 2009 letter warned, "[I]n the event you do not close, I shall release the escrow funds to [Bosler]." Such language informs a buyer that he risks default by not appearing at the closing (*see Nehmadi v Davis*, 63 AD3d 1125, 1126-1127 [2d Dept 2009]). Accordingly, because this was a time-of-the-essence closing, plaintiffs defaulted by failing to appear, and defendant Bosler was entitled to keep the down payment (*see Palmiotto v Mark*, 145 AD2d 549 [2d Dept 1988], *lv denied* 74 NY2d 608 [1989]).

We have considered plaintiffs' remaining contentions, including that defendants breached the contract by designating a closing date, and find them unavailing. Concur—Tom, J.P., Acosta, Renwick, DeGrasse and Richter, JJ. **[Prior Case History: 32 Misc 3d 1229(A), 2011 NY Slip Op 51494(U).]**