■ Tomohiko Shimuro, Respondent, v Preston Taylor Products, LLC, Appellant. [46 NYS3d 71]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered February 16, 2016, which denied defendant's motion for summary judgment, and granted plaintiff's motion for summary judgment seeking the return of a $180,000 deposit on the purchase of a commercial condominium unit, unanimously affirmed, with costs.

Reading the sale agreement according to its plain language (*see Regal Realty Servs., LLC v 2590 Frisby, LLC*, 62 AD3d 498, 501 [1st Dept 2009]), defendant was required to deliver title to plaintiff at closing "free and clear of all liens and encumbrances," in addition to a "statement by the Condominium or its managing agent that the common charges and any assessments then due and payable the Condominium have been paid to the date of the Closing," and a "waiver of right of first refusal of the board of managers of the Condominium."

Defendant failed to fully comply with these requirements, as, inter alia, the pending assessment action between defendant and the condominium board, which did not settle until seven months after the time of the essence law date of January 19, 2015, rendered defendant unable to close in accordance with the terms of the sale agreement.

Plaintiff's December 19, 2014 letter stating that defendant was in default, that plaintiff was "ready, willing and able" to close in accordance with the sale agreement, that plaintiff was setting a new closing date of January 19, 2015, "time being of the essence," and that failure to close would result in a breach of the contract, and reserving the right to terminate the contract, was sufficient to make the closing date time of the essence (*Westreich v Bosler*, 106 AD3d 569, 569 [1st Dept 2013]). Defendant's failure to object prior to the closing date rendered the time reasonable as a matter of law (*id.*). Defendant cites no law in support of the assertion that the time of the essence letter was defective, or that plaintiff's response to defendant's bankruptcy filing, "that with the automatic stay in place, there is nothing further we can do with our proposed transaction at this time," was an "unequivocal" waiver of the closing date (*see Stefanelli v Vitale*, 223 AD2d 361, 362 [1st Dept 1996]).

Defendant fails to explain what evidence is within plaintiff's exclusive control so as to necessitate the need for further discovery to stave off summary judgment (*DaSilva v Haks Engrs., Architects & Land Surveyors, P.C.*, 125 AD3d 480, 482 [1st Dept 2015]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.