Bayview Loan Servicing, LLC v Strauss (2019 NY Slip Op 05866)





Bayview Loan Servicing, LLC v Strauss


2019 NY Slip Op 05866


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


385 CA 18-01444

[*1]BAYVIEW LOAN SERVICING, LLC, PLAINTIFF-APPELLANT,
v
GERARD A. STRAUSS, ET AL., DEFENDANTS. - DARYL R. FOX, NONPARTY RESPONDENT. 






BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C., GARDEN CITY (HILARY PRADA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
ATTEA & ATTEA, P.C., HAMBURG (NICHOLAS P. DEMARCO OF COUNSEL), FOR NONPARTY RESPONDENT.


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Haendiges, J.), entered August 15, 2017. The order, among other things, directed that title of the subject premises be transferred to nonparty respondent. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the fourth ordering paragraph and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action to foreclose on a residential mortgage and obtained an order and judgment directing the sale of the subject premises. Nonparty Daryl R. Fox placed the highest bid at the foreclosure auction, provided the required deposit, and signed the "Terms of Sale" agreement. The matter was scheduled for a closing date on which the referee's deed was to be provided. Approximately a week before that date, plaintiff informed Fox that the sale was for an insufficient amount and that plaintiff would not complete the sale unless Fox agreed to pay an increased price for the property. When Fox declined, plaintiff moved by order to show cause to set aside the sale based on a violation of RPAPL 1351 (1), upon which Supreme Court (Grisanti, A.J.) also issued a temporary restraining order staying the referee's sale of the property. In a bench decision, the court (Haendiges, J.) denied plaintiff's motion and directed that the sale of the property go forward and, by an order from which no appeal was taken, the court granted that relief. After receiving the proposed order but before it was entered, plaintiff moved by a second order to show cause to set aside the sale of the subject property, direct a new sale, and direct the Referee to give Fox's deposit to plaintiff, all on the ground that Fox failed to comply with the time is of the essence clause in the memorandum of sale. Plaintiff now appeals from a further order that, inter alia, denied that motion, again directed the sale of the subject property, and awarded Fox $5,000 for costs and attorney's fees as a sanction against plaintiff based on the court's finding that plaintiff engaged in frivolous conduct.
We reject plaintiff's contention that the court erred in determining that Fox did not breach the time is of the essence clause. It is well settled that "[a] party may waive timely performance even where the parties have agreed that time is of the essence" (Allen v Kowalewski, 239 AD2d 879, 879 [4th Dept 1997], lv denied 90 NY2d 806 [1997]; see Stefanelli v Vitale, 223 AD2d 361, 362 [1st Dept 1996]), and that such a waiver may be accomplished by the conduct of a party (see Chaves v Kornfeld, 83 AD3d 522, 523 [1st Dept 2011]). Here, we agree with the court that plaintiff's relentless attempts to prevent the sale from going forward constituted a waiver of the time is of the essence clause.
We also reject plaintiff's further contention that the court erred in determining that [*2]plaintiff engaged in frivolous conduct and in imposing sanctions for such conduct. We conclude that plaintiff's conduct was "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law[, and was] undertaken primarily to delay or prolong the resolution of the litigation" (22 NYCRR 130-1.1 [c] [1], [2]; see Eshaghian v Eshaghian, 146 AD3d 529, 529 [1st Dept 2017], lv dismissed 29 NY3d 980 [2017]; cf. Adirondack Bank v Midstate Foam & Equip., Inc., 159 AD3d 1354, 1357 [4th Dept 2018]). Nevertheless, we conclude that the court erred in failing to comply with 22 NYCRR 130-1.2 because "it failed to set forth in a written decision the conduct on which . . . the imposition [of sanctions] is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount . . . imposed to be appropriate' " (Fraccola v 1st Choice Realty, Inc., 124 AD3d 1360, 1361 [4th Dept 2015]; see Leisten v Leisten, 309 AD2d 1202, 1203 [4th Dept 2003]). We therefore modify the order by vacating the fourth ordering paragraph and we remit the matter to Supreme Court for compliance with 22 NYCRR 130-1.2 (see Fraccola, 124 AD3d at 1361).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court