| |
|---|
| **Miracle NY Props. LLC v Nayber 18 LLC** |
| 2024 NY Slip Op 33067(U) |
| August 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656463/2023 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**        PART        **11M**

*Justice*

------------------------------------------------------------------------X

MIRACLE NY PROPERTIES LLC

             Plaintiff,

       - v -

NAYBER 18 LLC,

             Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 656463/2023 |
| **MOTION DATE** | 02/09/2024 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for              JUDGMENT - SUMMARY              .

This action arises out of a real estate contract dated August 18, 2022, wherein defendant contracted to purchase the Condominium Units 17A, 17B and 17/18A, located at 100 Eleventh Avenue, New York, New York. Plaintiff now seeks an order declaring, inter alia, that defendant breached the contract, and that plaintiff is entitled to retain the downpayment of $1,000,000. Defendant opposes the instant motion and cross-moves for the return of the down payment. For the reasons set forth below, plaintiff's motion is granted in its entirety and the cross-motion is denied.

Background

The facts in this matter are mostly not in dispute. On November 17, 2022, Miracle NY Properties LLC ("seller" or "plaintiff") and Nayber 18 LLC ("buyer" or "defendant") entered into a purchase agreement ("the contract") under which plaintiff agreed to sell and defendant agreed to purchase three condominium units. The purchase price was $15,500,000.

The Purchase Agreement was amended for the first time on November 17, 2022, reducing the purchase price to $13,000,000, setting the closing date as on or before February 1,

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**        **Page 1 of 7**
**Motion No.  002**

1 of 7

2023, and declaring that the buyer's due diligence period had ended. The November 17, 2022, amendment also provided that $250,000 of the Downpayment was immediately nonrefundable and may only be returned to defendant if plaintiff defaulted, was unable to convey title, the condominium exercised its right of first refusal, or there was a casualty with respect to the property. It further provided that the $750,000 balance of the downpayment "shall be deemed non-refundable upon receipt of upon Condominium Approval and may only be returned to Purchaser upon the following events: (i) Seller's default; (ii) Seller's inability to convey title in accordance with Paragraph 18 of the Agreement; (iii) the Condominium exercises its right to first refusal in accordance with Paragraph 8 of the Agreement; or (iv) Purchaser elects to cancel the Agreement due to a casualty in accordance with Paragraph 19 of the Agreement."

On June 15, 2023 plaintiff sent defendant a letter stating that, "(a) Buyer failed to timely submit the complete application for approval of alterations with Buyer's Plan's as required by November 18, 2022; (b) Buyer failed to timely pay the application fees for Buyer's Plans; (c) Buyer failed to use its best efforts to secure expeditious approvals of Buyer's Plans; (d) Buyer materially further delayed approval of Buyer's Plans; and (e) Buyer failed to close title to the Property on or before February 1, 2023." Plaintiff demanded that defendant close on the purchase and sale of the property on or before July 20, 2023, 'time being of the essence."

On October 30, 2023, plaintiff's counsel sent another letter to defendant stating that "all conditions to a closing have now been satisfied. The approval of the condominium has been secured for the Buyer's plans and Declaration amendment, and an acceptable alteration agreement has been secured." Plaintiff further stated that "demand is hereby made that Buyer close on the transaction no later than November 10, 2023, time being of the essence. Failure to

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**
**Motion No.  002**

**Page 2 of 7**

close on the purchase by November 10, 2023, shall be a default and result in the forfeiture of Buyer's deposit."

On November 8, 2023, the parties executed a second amendment to the contract in which they represented that defendant had secured financing, waived all contingencies relating to condominium approval and agreed to close within ten days. This amendment removed Unit 17A from the deal and reduced the purchase price from $13,000,000 to $10,400,000. The parties set a closing date for November 30, 2023. On November 29, 2023, defendant wrote to plaintiff stating that its lender was "delayed to the thanksgiving holiday. We are aiming to close on December 8th."

On November 30, 2023, plaintiff sent a letter to defendant stating, "All conditions to closing have been satisfied and a closing was scheduled for today, November 30, 2023. You have now requested a closing on December 8, 2023. In the event this transaction does not close by December 11, 2023, our client will not abide by any further delay and the security deposit will be forfeited in full."

On December 7, 2023, a representative for defendant emailed plaintiff that defendant would not be closing on December 8th and that additional information would be provided as soon as possible.

On December 11, 2023, plaintiff advised defendant that pursuant to its November 30 letter, due to defendants' failure to close on December 11, 2023, the contract was terminated, and the $1,000,0000 security deposit was due to seller. In response, counsel for defendant responded to plaintiff stating that "purchaser is planning to close this transaction with financing and has encountered delays due to the unreasonable condominium board requirements. Purchaser is not in breach of contract." Defendant's counsel continued, "this is NOT a TIME OF ESSENCE

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**
**Motion No.  002**

**Page 3 of 7**

3 of 7

closing and you are prohibited from releasing the deposit, which you have incorrectly referred to as a 'Security Deposit.' Any release of the Deposit is at your own risk."

## Standard

It is a well-established principle that the "function of summary judgment is issue finding, not issue determination." (*Assaf v Ropog Cab Corp.*, 153 AD2d 520, 544 [1st Dept 1989]). As such, the proponent of a motion for summary judgment must tender sufficient evidence to show the absence of any material issue of fact and the right to entitlement to judgment as a matter of law. (*Alvarez v Prospect Hospital*, 68 NY2d 320, 501 [1986]; *Winegrad v New York University Medical Center*, 64 NY 2d 851 [1985]).

Courts have also recognized that summary judgment is a drastic remedy that deprives a litigant of his or her day in court. Therefore, the party opposing a motion for summary judgment is entitled to all favorable inferences that can be drawn from the evidence submitted.

## Discussion

Plaintiff argues that it performed all conditions of the contract and the defendant breached, and therefore defendant forfeited the down payment pursuant of the terms of the contract. Defendant offers several arguments for why it was not in breach. The Court will address each argument in turn.

First, defendant contends that plaintiff failed to properly declare a time of essence closing. Defendant argues plaintiff's closing notice was deficient because it failed to give an unequivocal closing date, time, or location. The Court finds this argument unavailing.

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**
**Motion No.  002**

**Page 4 of 7**

When a contract does not specify that time is of the essence, one party may subsequently give notice to that effect provided that such notice is clear, distinct, and unequivocal and fixes a reasonable time within which to perform. (*Stefanelli v. Vitale*, 223 AD2d 361 [1st Dep't 1996]; *see also Shimuro v Preston Taylor Prods., LLC*, 146 AD3d 729 [1st Dep't 2017]). "A party need not state specifically that time is of the essence, as long as the notice specifies a time on which to close and warns that failure to close on that date will result in default." (*Karamatzanis v. Cohen*, 181 AD2d 618, 618 [1st Dept. 1992]; *see also Westreich v. Bosler*, 106 AD3d 569 [2013]).

Here, plaintiff advised defendant that it would not "abide by any further delay" and that failure to close by December 11, 2023, would result in forfeiture of the security deposit. A date was set, and defendants were on notice that default would occur after that date. Moreover, plaintiff had previously notified defendants specifically that "time was of the essence" when seeking to schedule prior closing dates. While defendants argue that plaintiff's notice is insufficient because it failed to specify a specific place and time, defendant cites no precedent to support this argument.

The cases cited by defendant are inapposite. In *ADC Orange, Inc. v. Coyote Acres, Inc.* (7 NY3d 484 [2006]), the Court of Appeals held that "the mere designation of a particular date upon which a thing is to be done does not result in making that date the essence of the contract," where the party seeking a time of essence closing failed to place the other party on notice that its failure to by a specific date would amount to a default and the forfeiture of a down payment. Unlike ADC Orange Inc., here, plaintiff did put defendant on notice that its failure to close by December 11, 2023, would constitute default.

Next, defendant contends that plaintiff's notice of default was improper because the time of essence letter and termination notice were not served upon defendant in accordance with the

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**
**Motion No. 002**

**Page 5 of 7**

5 of 7

parties' contract. Defendant contends that pursuant to the contract, notices were to be served upon Alvin Schein, Esq. by either personal delivery, certified mail, overnight courier, or facsimile. Defendant argues that because the November 30, 2023, letter was not addressed to Alvin Schein, Esq., nor was the email copied to Mr. Schein, nor was letter served by personal delivery, overnight courier with receipt, certified mail with return receipt or facsimile transmission, notice was insufficient. Defendant further argues the service of the December 11, 2023, letter was improper because while it was addressed to Mr. Schein, it was emailed to Ms. Jacobson. However, defendant admits that it has a physical copy of the letter in its file but argues that "there is no indication of how it was served."

In opposition, plaintiff argues that under New York law, strict compliance with a contract's notice provisions is not required when defendant fails to claim that they did not receive actual notice or that they were in any way prejudiced from the deviation. *(Baker v. Norman,* 226A.D.2d 301, 304 [1st Dept. 1996]). The Court agrees. Here, the November 30, 2023, letter was addressed and emailed to Buyer's attorney Stacy Jacobson of Seiden & Schein, P.C, of the same firm as Alvin Schein of the same firm, Seiden & Schein, P.C. Ms. Jacobson's affirmation admits that she is Buyer's attorney and that she was representing Buyer during the transactions and involved in communications between the parties.

The Court finds the remainder of defendant's arguments unavailing.

There are some additional damages for expenses that this Court finds plaintiff is entitled to, but an inquest will be needed to determine the amount of those damages.

Accordingly, it is hereby

ADJUDGED that plaintiff's motion for summary judgment is granted; and it is further

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**
**Motion No. 002**

**Page 6 of 7**

6 of 7

[* 6]

ADJUDGED that defendant's cross motion for summary judgment is denied; and it is further

ORDERED that escrow agent McCue Sussmane Zapfel & Cohen P.C. are hereby authorized and directed to release the down payment of $1,000,000 to Plaintiff Miracle NY Properties LLC; and it is further

ORDERED that an assessment of the remainder of damages as against defendant is directed; it is further

ORDERED that a copy of this order with notice of entry be served by the movant upon the Clerk of the General Clerk's Office, who is directed, upon the filing of a note of issue and a certificate of readiness and the payment of proper fees, if any, to place this action on the appropriate trial calendar for the assessment hereinabove directed; it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

20240829132126LFRANK8127A761788343E4BF8D19D50EB7ADF9

| 8/29/2024 | | | |
|---|---|---|---|
| **DATE** | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**656463/2023   MIRACLE NY PROPERTIES LLC vs. NAYBER 18 LLC**
**Motion No.  002**

Page 7 of 7

7 of 7

[* 7]