Miracle NY Props. LLC v Nayber 18 LLC (2025 NY Slip Op 03534)

Miracle NY Props. LLC v Nayber 18 LLC

2025 NY Slip Op 03534

Decided on June 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 10, 2025

Before: Moulton, J.P., Gonzalez, Mendez, Pitt-Burke, Rosado, JJ. 

Index No. 656463/23|Appeal No. 4564|Case No. 2024-05495|

[*1]Miracle NY Properties LLC, Plaintiff-Respondent,
v
Nayber 18 LLC, Defendant-Appellant.

Harfenist Kraut & Perlstein, LLP, Lake Success (Steven J. Harfenist of counsel), for appellant.
McCue Sussmane Zapfel & Cohen P.C., New York (Ken Sussmane of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered August 30, 2024, which granted plaintiff's motion for summary judgment, denied defendant's cross-motion for summary judgment, authorized the escrow agent to release the down payment to plaintiff, and ordered an assessment of damages, unanimously affirmed, with costs.
On August 18, 2022, pursuant to a purchase agreement, plaintiff agreed to sell three condominium units to defendant for a total of $15.5 million. Defendant was required to place a down payment of $1 million.
On November 8, 2023, the parties executed a second amendment to the agreement. Defendant represented that it had secured financing, waived all contingencies relating to condominium approval, and agreed to close within 10 days. A closing date was set for November 30, 2023. Defendant wrote to plaintiff on November 29, 2023, stating that the lender was delayed due to issues surrounding the Thanksgiving holiday. Defendant expressed its aim to close on December 8, 2023.
On November 30, 2023, plaintiff replied that all conditions to the closing had been satisfied and agreed to adjourn the closing date until December 8, 2023. Plaintiff further stated that if the transaction did not close by December 11, 2023, plaintiff would not "abide by any further delay," and the security deposit would be forfeited in full. On December 7, 2023, defendant advised plaintiff that it would not be able to close on December 8, 2023. Plaintiff informed defendant on December 11, 2023 that the contract was terminated and that the $1 million down payment was due to plaintiff.
Plaintiff established that it performed all conditions of the agreement and that defendant was in breach. Therefore, defendant forfeited the down payment pursuant to the terms of the contract. Plaintiff sufficiently advised defendant that it would not "abide by any further delay," and that failure to close by December 11, 2023 would result in forfeiture of the down payment (see Westreich v Bosler, 106 AD3d 569, 569 [1st Dept 2013]). Moreover, plaintiff previously had notified defendant that "time was of the essence" when seeking to schedule prior closing dates (Stefanelli v Vitale, 223 AD2d 361, 362 [1st Dept 1996]).
Contrary to defendant's contention that plaintiff did not comply with the service requirements set forth in the agreement, the November 30, 2023 communication was addressed and emailed to defendant's attorney, Stacy Jacobson of Seiden & Schein, P.C., of the same firm as Alvin Schein, Esq., the attorney designated in the agreement, who had been representing defendant and been involved in communications between the parties. There was no showing that defendant did not receive actual notice or was prejudiced in any way from this minor deviation from the agreement's notice provisions (see Baker v Norman, 226 AD2d 301, 304 [1st Dept 1996], lv dismissed 88 NY2d 1040 [1996]).
Accordingly, since defendant defaulted under the agreement, it is not entitled to a return [*2]of the down payment (see Bigfoot Media Props., LLC v Cushman In T, LLC, 185 AD3d 772, 773 [2d Dept 2020]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 10, 2025